MARY A. NEVIUS

*v.*

THOMAS R. GOURLEY *et al.*

*Filed at Ottawa February 3, 1881.*

1. WILL—*devise on condition precedent—condition must be performed.* Where a father devised a tract of land to his son upon condition that he should pay certain legacies named, to his daughters, within one year after the testator's death, and also pay all notes, etc., for which the testator was bound as his surety, and settle the estate without any charge to the same, it was *held*, that the conditions upon which the devise was made were conditions precedent, and that if either of them had not been performed within the time limited, the devise to the son never took effect.

2. NEW TRIAL—*on the evidence.* Where the trial court has twice found the disputed facts the same way, this court will not reverse the decree on the sole ground that the finding of the trial court is erroneous, unless this court is able to say it was clearly so.

APPEAL from the Circuit Court of Mercer county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. BASSETT & WHARTON, for the appellant:

Henry W. Nevius has never taken out letters testamentary, has never given bond, filed an inventory, or given notice of adjustment, or done anything to settle the estate, except prove the will and take possession of the personal property, a part of which he still retains. The estate is not settled. The first question is, had Henry W. Nevius a vested title in the tract of land? We think, under the will, he had no title. The devise was contingent. *Beatty* v. *Montgomery*, 21 N. J. Eq. Rep. 325; *Clayton* v. *Somers*, 27 id. 230.

And the title would not vest until the contingency happened. *Candles* v. *Dinkle*, 4 Watts (Pa. Rep.), 143; *Collier* v. *Stoughton*, 20 Ala. 263; *Huckabee* v. *Swoop*, 20 id. 491; *Burns* v. *Clark*, 37 Barb. (N. Y.) 496; *Tilden* v. *Tilden*, 13 Gray (Mass.), 103; *American Col. Society* v. *Trustees*, 2 Allen, 302.

And where the title vested but the will enjoined some restrictions, or act to be done by the devisee as a condition of enjoyment, a failure by the legatee to perform the conditions would cause a forfeiture of the legacy. *Clapp* v. *Stoughton*, 10 Pick. 463; *Hayden* v. *Stoughton*, 5 id. 528; *Rogers* v. *Law*, 1 Black (U. S.), 253; *Shackelford* v. *Hall*, 19 Ill. 211.

Where the special is forfeited, or fails on account of the non-performance of a condition of the will by the legatee, the legacy passes to the residuary legatee, and not to the heirs. *Hayden* v. *Stoughton*, 5 Pick. 528; *Brigham* v. *Shattuck*, 10 Pick. 306; *Clapp* v. *Stoughton*, 10 Pick. 463; *Booth* v. *Montgomery*, 21 N. J. Eq. 324; *Heveat* v. *Redd*, 50 Ga. 151; *Bradford* v. *Bradford*, 19 Ohio, 546; 2 Redf. on Wills, 454, 504.

Where a portion of the mortgage debt is due, and the mortgage is foreclosed as to the portion due, it is not proper to decree that the sale to be made under the decree of foreclosure shall be subject to that portion of the mortgage debt

still to become due.    *Hards* v. *Burton,* 79 Ill. 510; *Smith* v.
*Smith,* 32 id. 198; *Weiner* v. *Heintz,* 17 id. 259.

The defendants to the bill of complaint, other than Henry
Nevius, claimed title under the will, and not under Henry
Nevius.   Their right arose by title distinct and separate from
that of complainant, and there is no jurisdiction in equity to
try title to real estate.   As to all of the defendants, the bill
should have been dismissed, as they were not proper parties
to the foreclosure.   *Burton* v. *Gleason,* 56 Ill. 25; *Comstock*
v. *Henneberry,* 66 id. 212; *Kennedy* v. *Kennedy,* 66 id. 190;
*Shubber* v. *Belsey,* 79 id. 307.

Messrs. PEPPER & WILSON, for the appellees, commented
at some length upon the evidence to show the conditions of
the will have been performed.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This was a bill in chancery, filed in the Mercer county cir-
cuit court on the 12th day of November, 1878, by appellees
against appellant and others, to foreclose a mortgage executed
by Henry W. Nevius to appellees on the 9th day of August,
A. D. 1877, to secure two promissory notes given by him to
them at the same time, for the sum of $1000 each, payable,
respectively, on or before the 1st of January, 1885 and 1886,
with interest thereon, payable annually, at the rate of ten per
cent per annum.

The tract of land upon which this mortgage was executed,
was devised, upon certain conditions, to Henry W. Nevius,
by his father, William I. Nevius, who died testate on the
10th day of June, 1877, leaving the appellant, his widow,
and a number of children and grand-children.   By his will
he made, among others, the following specific bequests to his
daughters, namely:   to Rebecca E. McCreight $200; to Ad-
riania J. Parks $300; and to Cornelia L. Johnson $150.   The
devise to Henry, their brother, of the mortgaged premises,
was conditioned that he should, within one year from the

decease of the testator, pay to his sisters, out of his own private funds, the three specific legacies above specified, and should pay, or cause to be paid, all notes, bonds and obligations for which the testator was bound as his surety; and should also settle his estate "without any other charge to said estate." By another provision of the will appellant was made residuary legatee for life.

Henry W. Nevius was nominated executor of the will, and upon the decease of his father he made probate of the same, and qualified as such executor.

Default having been made in the payment of the interest on the above mentioned notes, the present suit was instituted for the purpose of foreclosing the mortgage as to such interest, and a decree was rendered in the court below to that effect, from which decree Mary A. Nevius alone has appealed to this court.

The defendants, other than Henry W. Nevius, resisted the foreclosure proceedings, on the alleged ground that the conditions upon which the mortgaged premises were devised to Henry had not been performed, and that by reason thereof no title to them had ever vested in him,—in other words, it is claimed that Henry did not, within twelve months from the decease of the testator (the time limited by the will), pay to the legatees the above mentioned specific legacies, particularly that of Adriania J. Parks; and, moreover, that he has not settled the estate as by the provisions of the will he was bound to do before the title to the mortgaged premises could vest in him.

There is no controverted question of law presented by the record before us. It is conceded, on the one hand, that the conditions upon which the devise of the mortgaged premises were made to Henry are conditions precedent, and that if they, or either of them, have not been performed, the devise of them to him never took effect, and the same is now inoperative and void. On the other hand, it is conceded that if the conditions upon which the devise was made have been

performed within the time required by the will, the devise took effect, and is now operative and binding on all parties concerned, and that the decree of the court below was properly rendered. And it is also further conceded, that any adjustment of the legacies satisfactory to the legatees, or any waiver of the conditions of the will on their part, answers the requirements of that instrument.

It will be thus perceived that the present controversy is exclusively about facts. The case has been twice heard in the court below, resulting each time in a decree for appellees, and it is now before this court for the second time, upon, in many respects, the same state of facts as when here before. See *Nevius et al.* v. *Gourley et al.* 95 Ill. 206.

Upon the previous consideration of the case by this court, we were of opinion that the evidence did not satisfactorily show a payment by the mortgagor of the legacy of $300 out of his own private funds within the time limited by the will, and for this reason, mainly, the decree of the court below was reversed and the cause remanded. Upon this question appellees evidently strengthened their case at the last hearing in the court below. Two witnesses, Alice Hudson and Walter Hudson, were added to the list of their witnesses at the previous trial, besides some new facts were elicited not then called out.

Alice testifies, in substance, that she lived three months at the house of James Parks, during the spring and summer of 1878, commencing sometime in April, and that while there she remembers that H. W. Nevius came there to get Mrs. Parks to sign a receipt; that he told her to be in a hurry, as he wanted to go to Mrs. McCreight's, to get her to sign a receipt too; that Mrs. Parks washed her hands and went into the room, and that she and Henry there had a conversation with respect to what she had received from her father's estate; that they were settling; that Henry owed her for her share of the place; that it was admitted he had given her a horse, and, as the witness believed, $127 in money; that she did not

24—97 ILL.

understand the amount of the receipt; that she (Mrs. Parks) had often told witness she had received her share of her father's estate, etc. ˙

Walter Hudson also testifies to like admissions.

We do not propose to enter into any discussion or analysis of the evidence, with a view of showing that the conclusion reached upon the former hearing of this case is not inconsistent with the disposition we now make of it, or that the present conclusion is fully warranted by the evidence as now presented. The possible good that might result from doing so, would hardly compensate for the time and labor it would involve. Suffice it to say, then, that in consideration of the additional testimony to which we have just adverted, and in view of the fact the court below, whose opportunities for accurately weighing the testimony and judging of the credibility of witnesses were superior to ours, have twice found the issues of fact in favor of the appellees, we do not feel at liberty to again reverse the decree on the sole ground that the finding of that court upon the facts was erroneous, unless we were able to say it was clearly so, which we can not do, in view of the conflicting character of the testimony.

The decree of the circuit court is, therefore, affirmed.

<em>Decree affirmed.</em>