DUDGEON *et al.* v. DUDGEON *et al.*, *Appellants.*

**Devise** : EQUITABLE LIEN. Where real estate is devised to one who is, by the will, required to pay to each of the other devisees named in the will a sum sufficient to make the devises to all equal in value the law in such case will attach an equitable lien on the land for the sums so required to be paid.

*Appeal from Howard Circuit Court.*—HON. G. H. BURCKHARTT, Judge.

AFFIRMED.

*R. C. Clark* and *S. C. Major* for appellants.

The only issue presented by the pleadings in this case, is whether or not the devisees of Alexander Dudgeon, Sr., plaintiffs in this cause, can sell any greater or other interest than that devised in the will of the said Alexander Dudgeon, Sr., to Alexander Dudgeon, Jr., in the two hundred and sixty-seven acres, described in the

will. The fourth clause of said will expressly gives to Alexander Dudgeon and wife a life estate in said land, and no other or greater interest could be sold. The decree admits that Alexander Dudgeon and wife were only devised a life estate in the two hundred and sixty-seven acres, and yet attempts in a most anomalous manner to sell the fee in said two hundred and sixty-seven acres. The court cannot render such a judgment. *Rubey et al. v. Barnett*, 12 Mo. 7; *Wells et al. v. Wells*, 10 Mo. 193; *Gregory v. Cowgill*, 19 Mo. 415; *First Baptist Church v. Robberson*, 71 Mo. 327; *Hamilton v. Lewis*, 13 Mo. 184; *Rose v. McHose*, 26 Mo. 590; *Bryant v. Christian*, 58 Mo. 98.

*A. J. Herndon* and *Draffen & Williams* for respondents.

The two hundred and sixty-seven acres of land, sought to be charged with an equitable lien in favor of the plaintiffs, were specifically devised. In consideration thereof, the devisee was, by the terms of the will, required to pay to the plaintiffs the amounts mentioned in the petition. The money was not to pass through the hands of the executors. The land being devised to Alexander Dudgeon, the will required him, in consideration of said devise, to pay to plaintiffs the amounts sought to be recovered in this action. "The rule is well settled that where real estate is devised to the person, who, by the will, is directed to pay a legacy, such legacy is an equitable charge upon the real estate so devised." *Porter v. Jackson*, 48 Am. Rep. 704–707; *Clyde v. Simpson et al.*, 4 Ohio St. 445; *Brown v. Knapp*, 79 N. Y. 136; *Dodge v. Manning*, 1 N. Y. 298; *Thayer v. Finnegan*, 45 Am. Rep. 285; *Dailey v. Wilkie*, Cent. Law Jour. vol. 20, No. 14, p. 276; 3 Pomeroy's Equity Jurisprudence, secs. 1244-5-6-7-8. The plaintiffs' equitable lien is not merely upon the interest of Alexander Dudgeon, Jr., in the land devised, but is upon

the land itself. *Executors, etc., v. Executors*, 3 Ohio, 157; *Chaney v. Allison*, 63 Mo. 279.

NORTON, J.—Alexander Dudgeon, Sr., died in Howard county, leaving a will, which was admitted to probate on the eleventh day of December, 1882, and which contained the following provisions :

"*Second.* I will that all property be equally divided amongst my children, viz : Archie Dinwiddie, my grandson, who is entitled to one share; Bernard F. Dudgeon, Martha Settle, Alexander Dudgeon, William A. Dudgeon, and John Dudgeon, after their paying to my estate what I have them charged with on my cash book.

"*Third.* I give my son, John Dudgeon, eighty acres, the east half southwest section 28, township 50, range 15; and my son, Alexander Dudgeon, the homeplace, containing 267 acres, as follows: 107 acres, east part southwest section 29, township 50, range 15 ; also, 160 acres, northwest section 29, township 50, range 15.

"*Fourth.* To my grandson, Archie Dinwiddie, seventy acres, south part west half southeast section 20, township 50, range 15. My son, Alexander Dudgeon, Jr., and my grandson, Archie Dinwiddie, has received larger advancements than the rest of my children, including the land I have given them in my will, and they are to advance to the other children to make all equal. * * * The 267 acres given my son, Alexander Dudgeon, is to him and his wife, during their lifetimes, and at their death, to my son's, Alexander Dudgeon's, bodily heirs,"

The plaintiffs in this case are four of the children of the decedent, and allege substantially in their petition that the total value of the estate, including the value of the land devised and advancements made by deceased in his lifetime, amounted to the sum of $19,425; that, to make each one of the six devisees equal, each one would be entitled to the sum of $3,237.50 ; that each one of the

plaintiffs had received by way of advancement much less than the above amount, and that defendant, Alexander, adding the value of the land devised to the advancement made him, would receive the sum of $3,737.50 in excess of said amount of $3,237.50. The object of the suit is to charge this excess upon the two hundred and sixty-seven acres of land devised to Alexander Dudgeon and wife during their lives, and after their death to the bodily heirs of said Alexander; and the petition concludes with a prayer, asking that said excess be decreed to be a charge upon the land so devised, and that it be sold for its payment. The court made a decree in conformity with the prayer, the propriety of which is challenged by the appeal to this court.

It is conceded that to make the children and devisees equal sharers in the estate of the decedent, each one should receive the sum of $3,237.50. It is also conceded that each one of the plaintiffs had not received this sum, but a much less sum, by way of advancement. It is also conceded that the value of the two hundred and sixty-seven acres of land devised, when added to the advancement of three hundred dollars, made to Alexander in his father's lifetime, would exceed the amount of $3,237.50, in the sum of $3,737.50. But it is contended that, inasmuch as Alexander, the son, only took a life estate with remainder in fee to his bodily heirs after his death, that the said excess of $3,737.50 could only be charged against the life estate, and not against the fee. Such a construction as is contended for would not execute the manifest purpose of the testator, but would, on the contrary, defeat it. It is clearly shown by the second clause of the will that the testator intended that all of his children should share equally in the distribution of his estate, and that no one of them should have any advantage in this respect over any other. In order to insure this result he provides that each shall account for the advancements made by him in his lifetime, and being

conscious of the fact that the devise of the two hundred and sixty-seven acres of land to Alexander and his bodily heirs after his death would make the advancements to him larger than those made to the rest of his children, he expressly declares : That his son, Alexander, and his grandson, Dinwiddie, shall advance to the other children to make them equal.   To charge the excess received by Alexander, Jr., on his life estate, and sell such interest to pay it would be, not only practically to disinherit him, but would fail to bring about the equality in the distribution of the estate, which was the sole purpose of the testator as expressed in the will.

It is manifest that the devise of two hundred and sixty-seven acres of land to Alexander, Jr., created an inequality in the distribution of decedent's estate, and in view of this fact, which was in the mind of the testator, as a part of the consideration for the devise, Alexander was required to restore the equality by payment to the other children of the excess given him by devise ; and in such case the law attaches an equitable lien on the land for the sum required to be paid.   *Clyde v. Simpson et al.,* 4 Ohio St. 445.   If the land devised was worth the sum of $6,750, which seems to be admitted after the payment to the other children the sum of $3,737.50, the amount of the excess, to make each of their shares equal, $3,250, there would still be left to Alexander and his children, in the event of his having any, the like sum of $3,250, he having received an advancement of three hundred dollars in his father's lifetime.   The construction put upon the will by the trial court in its decree brings about the above result, and gives to each child the same amount, thus effectuating and carrying out the intention of the testator.   On the other hand, if it be construed, as counsel contend it ought to be, that it was the intention of the testator to make the payment either a personal charge on Alexander or his life interest only, it "would require the payment of more than his life interest was worth,

and the will, instead of giving him anything, or conferring a benefit on him, would bring him in debt. If solvent, he would be required to pay more in cash than he is given by the testator in consideration of such payment. If, on the contrary, he is insolvent, then the plaintiffs would be deprived of a large part of the provision intended for them." We cannot accept a construction bringing about such results. *Chaney v. Allison*, 63 Mo. 279; *Decker's Ex. v. Decker's Ex.*, 3 Ohio, 157.

The judgment of the circuit court is affirmed, in which all concur.