JOHN BROOKS ET AL., Respondents, v. PETER ESKINS ET AL., Appellants.

Kansas City Court of Appeals, January 10, 1887.

1. LEGACY—REAL ESTATE DEVISED TO PAY—WHEN LAND CHARGEABLE WITH PAYMENT.—Where real estate is devised upon condition to

pay a legacy, or with a direction to the devisee to pay the legacy in respect to the estate so devised to him, and *because* that real· estate has been thus devised ; *such real estate* is, in equity, chargeable with the payment of the legacy, *unless* there is something in the will to rebut the legal presumption, from which it can be inferred that the testator *intended* to exempt the estate devised from that charge.

**2.** WILLS—LANDS DEVISED BY—RECORDING OF WILL UNDER SECTION 3991, REVISED STATUTES.—Where the copy of a will devising lands was duly recorded in the recorder's office where the land devised is situated, as provided by section 3991, Revised Statutes, the recording of the will is constructive notice of it to subsequent purchasers and mortgagees.

**3.** TRUSTEES—APPLICATION OF PURCHASE MONEY—CONSTRUCTION OF SECTION 3937, REVISED STATUTES—CASE ADJUDGED.—Although the statute provides (sect. 3937, Rev. Stat.) that a purchaser, in good faith from a trustee, is not bound to see to the application of the purchase money ; yet when the devisee is not the executor, and is a ·devisee merely, as in this case, and the lien is affixed to the land by law in order to carry out the intention of the testator, and to secure the payment of the legacy, the legacy is the devisee's debt, and the lien is given as ,security for its payment. In such a case the devisee is a trustee for the legatee, in the sense that a vendee is the trustee for the vendor, *but in no other sense.* The devisee in this ·case was not a trustee in the meaning of the statute, or of the common law rule on such subjects ; both the statute and that rule have application only to *direct* trusts, and not to a *collateral* trust, ·which is a mere security for a debt, as in this case, the lien follows the land into the hands of purchasers *with notice.*

APPEAL from DeKalb Circuit Court, HON. JOSEPH P. GRUBB, Judge.

*Affirmed.*

Statement of case by the court.

This was a suit in equity to establish and enforce a lien upon real estate.

Alexander Judy, by his last will, devised to Miner F. Judy, his son, two hundred acres of land in Clay county, Missouri. The will further provided : "And it is further stipulated and required of my said son, Miner F. Judy, in this bequeathal to him, that he owe, be indebted, and pay to my sons-in-law, John Brooks and

James Williams, and to their heirs and assigns, for the heirs of their deceased wives, the sum of one thousand dollars, to draw ten per cent. interest per annum from the death of my said wife, until paid.''

The will was probated in 1872, and a certified copy of it was filed for record and duly recorded in the office of the recorder of deeds of Clay county, on February 5, 1875. Miner F. Judy, on the twentieth day of February, 1875, sold and conveyed said land in fee to Peter Eskins, who sold and conveyed said land in fee to Ben. Estill.

By the terms of the will the sum of one thousand dollars was payable upon the death of the testator's wife. She died on the twentieth day of August, 1883. After her death this suit was instituted for the purpose of establishing said sum as a lien upon the land in the hands of the present owners, and to enforce the payment thereof by a sale of the land.

The case was submitted on an agreed statement of facts in which it was admitted that Miner F. Judy was insolvent at and prior to the institution of this suit. The only questions involved in the case are questions of law arising from the facts already stated. The case was instituted in the Clay circuit court, but sent on a change of venue to the DeKalb circuit court. The latter court decided the case in accordance with the theory of the plaintiffs. The defendants have appealed to this court.

Henry Smith and Simrall & Sandusky, for the appellants.

I. The courts have uniformly held that to create a charge or lien in favor of a legatee, the testator must express his intention to that effect, by *direct expression* or plain implication on the face of the will. If the testator designs to charge his estate it is easy to do so in direct terms, as he can convey his meaning in such clear and unambiguous manner as to show no doubt of his intention. *Miltenberger v. Schlegel*, 7 Pa. St. 241; *Hockadorn's appeal*, 11 Pa. St. 86; *Wright's appeal*, 12 Pa.

St. 256; *Montgomery v. McElroy*, 3 Watts & Serg. (Pa.) 370.; *Owens v. Clayton*, 56 Md. 129; *Kirkpatrick v. Chestnut*, 5 S. C. 216; *Gilder v. Gilder*, 1 Del. Ch. 331; *Johnson v. Poulson*, 32 N. J. Eq. 390; *Read v. Gather's Adm'r*, 18 W. Va. 263. *Taylor v. Howell*, 65 Ala. 1; *Lupton v. Lupton*, 2 Johns. Ch. (N. Y.) 614.

II. Our *statute* expressly provides that a purchaser from a trustee shall not be responsible for the proper application of the purchase money; the purchaser in this case, the devisee (who held the fee-simple title with the *jus disponendi* as its incident), will be protected. Sect. 3937, Rev. Stat.; *Turner v. Turner*, 59 Miss. 775; *Brandt's appeal*, 8 Watts (Pa.) 198. A mortgage or sale of the devised property might be necessary to discharge the legacy, and the vendee or mortgagee, under our statute, is not responsible for a misapplication of the money. No particular form of words is necessary to create a trust. *Shacker's Est. v. Reed*, 61 Mo. 592.

III. The English authorities, cited in 4 Ohio St. 459, have never found favor in our law, and the principle upon which that case (4 Ohio St.) finally rests, that the purchaser must look to the application of the purchase money, does not obtain under our statute. Sect. 3937, Rev. Stat. In the case of *Dudgeon v. Dudgeon* (87 Mo. 218), the controversy was between the original legatees and devisees, and this is not a case of equality among children, as in that case.

D. C. ALLEN, for the respondents.

I. The general doctrine of the courts of England and America, in reference to *charges on land* (or even on personalty), recognizes and enforces charges *by implication*. Such charges are where the language employed sufficiently denotes that such is the testator's design. 2 White & Tudor's Leading Cases in Equity (3 Am. Ed.) 346. The general doctrine is recognized in this state. *Austin v. Watts*, 19 Mo. 293; *Allison, Ex'r, v. Chaney*, 63 Mo. 278; *Dudgeon v. Dudgeon*, 87 Mo.

218. The cases in Pennsylvania are not in harmony with the general doctrine, or with the decisions in this state.

II. Where land is devised to one who, by the same or another clause of the will, is directed to pay a legacy, the legacy is not only a charge upon, but *primarily* payable *out of the land* devised. Cases cited in I. *Clyde v. Simpson*, 4 Ohio St. 445 ; *Brown v. Knapp*, 79 N. Y. 136 ; *Hoyt v. Hoyt*, 85 N. Y. 142 ; *Porter v. Jackson*, 48 Am. Rep. 704 ; *La Fevre v. Toole*, 11 Rep. 65.

III. The provisions of section 3937, Revised Statutes, as to seeing to the application of purchase money in payment to a trustee, is not applicable to the facts of this case. The relationship here is one of creditor and debtor on a charge.

IV. To arrive at the *intention* of a testator *all* the clauses of his will must be examined and interpreted in connection with each other. *Dudgeon v. Dudgeon*, *supra ; Brown v. Knapp*, *supra ; Clyde v. Simpson*, *supra*.

V. The central thought in the will, in this case, controlling the testator, was equality among his children. If third parties intervened in this case *after notice*, as fully appears by the record, that fact cannot affect the rights of plaintiff.

## I.

HALL, J.—Did the will impose the legacy of one thousand dollars to the plaintiffs as a personal liability only upon Miner F. Judy ; or did it also fix such legacy as an equitable charge or lien upon the land devised to said Miner F. Judy? Upon this subject Chancellor Walworth has spoken as follows : "Upon a full examination of the authorities, therefore, I am satisfied that where real estate is devised upon condition to pay a legacy, or with a direction to the devisee to pay the legacy in respect to the estate so devised to him, and because

that real estate has thus been devised, such real estate is in equity chargeable with the payment of the legacy, unless there is something in the will to rebut the legal presumption ; or from which it can be inferred that the testator intended to exempt the estate devised from that charge." 7 Paige, 427.

In *Clyde v. Simpson et al.* (4 Ohio St. 462), the case just cited was approved, and, after a full review of the authorities upon the subject, it was said : "It is enough that the devisee stands charged with the payment of the legacy on account of the devise ; and the law then attaches a lien upon the estate devised, unless it appears * * * that the testator intended to deprive the legatee of this security. This can do no possible injustice to the devisee, as he is required to pay no more than the testator has positively imposed, and he has voluntarily assumed ; and it is very often necessary to prevent the grossest injustice to the legatees, and the greatest violence to the intention of the testator, by leaving them unpaid."

In *Dudgeon et al. v. Dudgeon et al.* (87 Mo. 218), the devisee was required by the will to restore equality in the distribution of the testator's estate by paying to the other children the excess given to him by the devisee. In that case it was said, that "in such case the law attaches an equitable lien on the land for the sum required to be paid." And *Clyde v. Simpson (supra)*, was cited with approval.

We hold that the circuit court properly decided that the legacy was an equitable charge or lien upon the land devised.

## II.

By section 3991, Revised Statutes (enacted in 1879), it is provided as follows : " In all cases where lands are devised by last will, a copy of such will shall be recorded in the recorder's office in the county where the land is

situated, and if the lands are situated in different counties, then a copy of such will shall be recorded in the recorder's office in each county, within six months after probate."

The will was duly registered or recorded before Miner F. Judy, the devisee, conveyed the land. The recording of the will was "constructive notice of it to subsequent purchasers and mortgagees." 4 Kent, 174, and cases cited; Hill on Trustees, 511, *notes ;* Leading Cases in Equity (Hare & Wallace Notes); American notes, *Leneve v. Leneve,* vol. 2, part 1, 127.

### III.

Was the lien enforceable against the purchasers with notice from the devisee?

All doubt as to what should be the rule, with reference to the duty of a purchaser from a trustee, as to the application of the purchase money, has been removed in this state by statute. It is provided by section 3937, Revised Statutes, as follows : " No person who shall, in good faith, pay money to a trustee or other person acting in a fiduciary capacity, authorized to receive the same, shall be responsible for the proper application of such money ; nor shall any right or title, derived by him from such trustee or other fiduciary, in consideration of such payment, be called in question in consequence of any misapplication by such trustee."

The question, therefore, is, was the devisee a trustee in the meaning of the statute, or of the common law rule upon this subject?

It was early decided " that it makes no difference whether lands are given to be sold for the payment of debts, or are only charged with such payment." *Elliot v. Merryman,* Barn. Ch. R. 78 ; 1 Leading Cases in Eq., 40, and the following cases, cited in the English notes to that case : *Walker v. Smallwood,* Amb. 676 ; *Jenkins v. Hiles,* 6 Ves. 654 ; *Bailey v. Ekins,* 7 Ves. 323 ; *Dolton*

*v. Hewen*, 6 Madd. 9 ; see also *Clyde v. Simpson (supra)*, and authorities cited. Upon the foregoing English cases and other cases cited by him, Mr. Perry has stated this proposition : "If a testator charges certain payments upon real estate, and then devises the real estate to a devisee to hold absolutely, the devisee can sell the estate, and give valid receipts and discharges for the purchase money." 2 Perry on Trusts, sect. 802, and cases cited in note 1, at end of section.

But in the case at bar it must be noticed that the devisee was not the executor, that he was a devisee merely, and that the lien was attached or fixed to the land by law in order to carry out the intention of the testator, and to secure the payment by the devisee of the legacies which were imposed upon him as a *personal* liability. The payment of the legacies was a personal liability ; the legacies were the devisee's debt; the lien was given as security for the payment of such debt. In such a case the devisee is a trustee for the legatees in the sense that a vendee is a trustee for the vendor, but in no other sense. Neither the legatee nor the vendor has any estate in the land. They have a "mere possibility of a right, until it is established by a final decree of a court in each case. It is not a direct trust in the land itself, but a collateral trust for the security of the debt. It is in fact a remedy for a debt, and not a right of property." 1 Perry on Trusts, sect. 234, as to the nature of a vender's lien. In this case the trust could not be performed by the mere sale of the land, the trust being collateral and simply a security for the debt, viz : the legacies could only be performed by discharging that debt. In making a sale of the land, therefore, the devisee was not acting as a trustee for the legatees ; he was acting for himself. The devisee was not a trustee in the meaning of the statute, or of the common law rule upon the subject under discussion. Both the statute and that rule have application only to direct trusts, and not to a collateral trust, which is a mere security for a debt, as in this case. The

. principle governing the case of a vendor's lien governs
this case. The lien is only discharged by satisfying the
debt; the lien follows the land into the hands of pur-
chasers with notice. The lien in this case was enforce-
able against the purchasers with notice from the
devisee.

The judgment of the circuit court is affirmed. All
concur.