Assigned Estate of Joseph Wise, Jr. Appeal of Mary S. Wise.

*Will—Charge on land—Legacy.*

To make a legacy a charge upon land devised, it is necessary it should be declared so by express words, or that it may be inferred from the whole will that such was the intention of the testator.

A naked direction to the devisee to pay a legacy creates only a personal liability if he accepts the devise. But a direction to the devisee to pay a legacy out of the lands devised, or as a condition on which the lands are devised, creates, not only a personal liability if the devise is accepted, but also a charge upon the land devised.

Testator directed as follows: "I give and bequeath unto my younger son Joseph Wise Jr. his heirs and assigns, all that messuage or tenement of my homestead farm with the appurtenances belonging theretoo. I give to my five daughters Elizabeth Stewart Mary and Mihanna Rebecca Tombough Maria Shields Barbary Hill one thousand Dollars Each to be paid in manner, as I hold Receipts against them the ballance to bee paid in one year after my Decease. My said younger Son Joseph Wise Jr. is to pay in Consideration for the farm bequeath to him by me the ballance to make the five Daughters a bove menched equel acording to there out Seting of my Astate. I further bequeath to Said Elezabeh Mary ann Rebeca Maria and Barbary Hill five hundred Dollars Each over and above ther out Seting to be paid in two years after my Decease to them, which Joseph is to pay them being there full share of my Estate, being the ballance he is to pay for the farm which I have bequeath to Said Joseph wise Jr. and my Executrix to deed the Said farm to him for ever my will is that my personal Estate of what kind and nature Soever to apprase and Sell the Same to pay my debts and funeral Expences." *Held*, that the daughters' legacies were charged upon the land.

Argued Oct. 19, 1898.   Appeal, No. 122, Oct. T., 1898, by Mary S. Wise, from decree of C. P. Washington Co., Feb. T., 1894, No. 138, sustaining exceptions to auditor's report. Before GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to auditor's report.

The facts appear by the opinion of McILVAINE, P. J., which was as follows:

Joseph Wise, Sr., in his last will and testament, inter alia, provides as follows:

"I give and bequeath unto my yunger Son Joseph Wise Jr his heirs and assigns all that messuage or tenement of my home Sted farm with the appurtenances belonging there too. I give to my five daughters Elizabeth Stewart Mary an Mihanna Rebecca Tombough Maria Shields Barbary Hill one thousand Dollars Each to be paid in manner, as I hold Receipts against them the ballance to bee paid in one year after my Decease. My Said younger son Joseph Wise Jr is to pay in Consideration for the farm bequeath to him by me the ballance to make the five Daughters a bove menched equel acording to there out Seting of my Astate. I further bequeath to Said Elezabeh Mary ann Rebeca Maria and Barbary Hill five hundred Dollars Each over and above ther out Seting to be paid in two years after my Decease to them, which Joseph is to pay them being there full share of my Estate, being the ballance he is to pay for the farm which I have bequeath to Said Joseph wise Jr and my Executrix to deed the Said farm to him for Ever my will is that my personal Estate of what kind and nature Soever to apprase and Sell the Same to pay my debts and funeral Exspences. I hereby appoint Solomon B. Wise & Joseph Wise Jr my executrix of this my last Will and testament."

Joseph Wise, Jr., accepted the farm devised to him at the death of his father and took possession of it. Some years after it came into his possession he became insolvent and made an assignment for the benefit of his creditors. His farm, under an order of court, was sold by the assignee, discharged of liens. The auditor appointed to distribute the fund realized from the sale of the farm, awarded the entire fund to the judgment

creditors of the assignor. The five sisters of Joseph Wise, Jr., whose legacies have not been paid in full, take exception to the auditor's award, claiming that they should be paid before the judgment creditors are entitled to anything. The single question raised by their exceptions to the auditor's report turns upon the construction of the will of Joseph Wise, Sr. Does his will make the legacies of his daughters a charge on the farm devised to his son Joseph Wise, Jr.? The rule by which we must be guided in determining this question, is well established. " To make a legacy a charge upon land devised, it is necessary it should be declared so by express words, or that it may be inferred from the whole will that such was the intention of the testator." The difficulty arises, not in ascertaining and fixing the true rule of interpretation, but in its application to the language of each particular will. "A naked direction to the devisee to pay a legacy creates only a personal liability if he accepts the devise." But "a direction to the devisee to pay a legacy out of the lands devised or as a condition on which the lands are devised, creates not only a personal liability, if the devise is accepted, but also a charge upon the land devised." If it appears from the language of the will that the testator intended to couple the payment of the legacy by the devisee with the devise of the land so that the payment is to be made because or as a condition on which the devise has been made, then the real estate devised is, in equity, chargeable with the payment of the legacy. In such a case the payment of the legacy is a condition on which an unincumbered title vests in the devisee. In the light of these rules of construction, let us examine the will in question.

The testator directed his personal estate to be sold to pay his debts and funeral expenses. He wished to give Joseph, Jr., the farm, and he wished to give each of his five daughters a certain sum of money, and it is apparent that he believed that there would be no personal estate out of which the daughters could be paid by the executors after his debts and funeral expenses were paid. What, then, is his scheme? To have the executors deed the farm to Joseph, Jr., for a consideration sufficient to pay the five girls their shares, or to devise it to him on condition that he pay the five daughters their legacies, as there will be no personal property out of which the executors

can pay them.   Joseph, Jr., was to pay a consideration for the land and that consideration money was to be paid to the daughters.   The testator says "my said younger son Joseph Wise, Jr., is to pay in consideration for the farm bequeath to him by me the balance to make the five daughters equal."   Again, "I bequeath to said Elizabeth, Mary Ann, Rebecca Maria and Barbary Hill $500 each . . . . to be paid in two years after my decease to them, which Joseph is to pay them . . . . being the balance he is to pay for the farm which I bequeath to said Joseph Wise, Jr."   Clearly the testator coupled the payment of the money that his son Joseph was to pay his five daughters with the devise of the farm in such a way as to make it the payment of an interest that they were to have paid to them out of the farm.   He was devised the farm on condition or with the direction that he "pay for" it a certain sum, and the persons to whom the payments are to be made are named.   The testator evidently intended that Joseph, Jr., was to sustain a dual relation to his estate; he was to be both a devisee and a purchaser of this farm.   The money he was to pay the five daughters was to be considered as purchase money,—as money "paid for the farm,"—and so far he was a purchaser of the farm.   The value of the farm in excess of this sum was a gift, and to that extent he was a devisee; and that he might have an unincumbered title the testator provided that the executors should make him a deed, evidently when he paid the purchase money.   It will not do to presume that the testator inserted this clause in his will out of ignorance.   He had a purpose in inserting it, and that was to give his son, Joseph, Jr., an unincumbered title as soon as he complied with the condition upon which the farm was devised to him.   The intention evidently was that the deed was to be given after, and to witness that, he had paid the charge that the testator had made on the farm in favor of his daughters.   "The question whether a legacy is a charge upon real estate is one of intention.   If the actual intention appears, no form of words is necessary.   Unless technical words by which rules of property are fixed have been used, the intention is to be gathered from the whole will."

Applying this rule to the facts in this case, we are of opinion that Joseph Wise, Sr., intended that his daughters should be paid out of the farm devised to his son, Joseph, Jr., and

that their legacies were a charge upon the land sold by the assignee. The costs of audit were properly disposed of. And now, April 21, 1897, the exceptions filed by the legatees to the auditor's report are sustained, and the report is referred back to the auditor to make distribution in accordance with the opinion herewith filed, with power to take additional testimony if necessary. The exceptions filed by the judgment creditors, as to the costs of audit, are overruled.

*Error assigned* was in sustaining exceptions to auditor's report.

*D. F. Patterson*, with him *A. G. Braden* and *C. W. Campbell*, *John W. Donnan* and *A. Donnan*, for appellant.—Direct expression or "necessary implication," and nothing less, will avail to charge lands with legacies: Cable's App., 91 Pa. 327; Brandt's App., 8 Watts, 198; Montgomery v. McElroy, 3 W. & S. 370; Dewitt v. Eldred, 4 W. & S. 414; Miltenberger v. Schlegel, 7 Pa. 241; Hackadorn's App., 11 Pa. 86; Wright's App., 12 Pa. 256; Mellon's App., 46 Pa. 165; Hamilton v. Porter, 63 Pa. 332; Buchanan's App., 72 Pa. 448; Penny's App., 109 Pa. 323.

If the court should hold the legacies to be charged upon the land devised to Joseph Wise, Jr., then our second position is that the personal estate being insufficient for the payment of the testator's debts and funeral expenses, the legacies and devise should abate proportionately to the amount necessary to make up such deficiency.

*John H. Murdoch*, with him *M. L. A. McCracken*, for appellees.—The legacies were charged upon the land: 2 Redfield on Wills, p. 209; 2 Trickett on Liens, p. 565; Hancock's App., 112 Pa. 532; Clery's App., 35 Pa. 54; Harris v. Fly, 7 Paige, 421; Drake v. Brown, 68 Pa. 223; Thompson's App., 11 Atlantic Rep. 455; Etter v. Greenawalt, 98 Pa. 422; Hart v. Homiller, 20 Pa. 248; Baker's App., 59 Pa. 313; Lancaster County N. Bank's App., 127 Pa. 214; Pryer v. Mark, 129 Pa. 529; Gilbert's App., 85 Pa. 347; Springer's App., 111 Pa. 228; Swoope's App., 27 Pa. 58.

Per Curiam, October 31, 1898:

The decree in this case is affirmed on the opinion of the court below.