HENRY O. FRIESZ, ARTHUR L. FRIESZ, OSCAR FRIESZ, AMANDA WITLICH and GOLDIA SCHWALJE v. LENA FRIESZ, FRONIE FRIESZ and WALTER FRIESZ, Appellants.—127 S. W. (2d) 714.

Division Two, May 2, 1939.

*S. J. Jones* and *Jno. D. Taylor* for appellants.

*Luman Spry* for respondents.

BOHLING, C.—This review involves the fee simple title to twenty-acres of land passing, with other land, under a devise for life, with remainder to life devisee's children, subject to a charge upon the land imposed by testator, with the requirement that the life tenant have the land upon condition he pay the "charge" within two years. The remaindermen, the life tenant having died, instituted this suit to determine title, cancel a deed as a cloud thereon, and for ejectment. This review is presented upon the theory a default of one month and one day in the payment of the charge on the part of the life tenant defeated the title of the remaindermen. We make naught out of testator's will other than a simple charge against the land so far as the estate in remainder is concerned.

The common source of title was George Friesz, who owned four hundred acres of land and died testate in January, 1896, leaving his widow and seven children surviving. He was predeceased by his son Henry. His will was probated January 10, 1896. Items "Third" and "Fifth" thereof are of primary importance here, but we set out or state the substance of other portions that the general intent of testator may fully appear. After directing the payment of his debts and specific legacies of $50 each to three grandchildren, children of his deceased son, Henry, testator's will provided:

"Third: I give, bequeath and devise to my son William A. Friesz, during his lifetime and after his death to his children, the following described real estate, to wit: Eighty acres . . . [here follows a description of said real estate, consisting of a "forty" and two "twenties," one of the "twenties" being here involved]. The said William A. Friesz to have the above described lands *upon the express condition* that he pay to my executor the sum of money herein required of him; that is, the said eighty (80) acres of land shall be valued and appraised to him at the price of thirty dollars ($30)

per acre, ($2400.00) twenty four hundred dollars, of which sum he shall have and receive as my bequest the sum of ($1600) sixteen hundred dollars, the remaining ($800) eight hundred dollars to be paid to my executor in two annual payments of four hundred dollars ($400) each payable in one and two years after my death, and it is hereby expressly provided that the said sum of eight hundred dollars shall be a lien upon said land until the same is paid in for the use and benefit of my estate.

"Fourth: [Here testator devised three hundred and twenty acres of land to his] . . . sons Charles A. Friesz and Alfred Gustave Friesz, jointly, share and share alike, . . . upon the following conditions, to wit: Said land to be valued and appraised to them at the price and sum of ($30.00) thirty dollars per acre, ($9600.00) nine thousand six hundred dollars, of which sum each of them shall have and receive as my bequest the sum of ($1600.00) sixteen hundred dollars, the remaining sum of ($6400.00) six thousand four hundred dollars to be paid to my executor by them in two annual payments of ($3200.00) thirty two hundred dollars to be paid in one and two years after my death, and it is hereby expressly provided that the said sum of ($6400.00) six thousand four hundred dollars shall remain a lien upon said land until said sum is paid to my executor for the use and purposes herein specified.

"Fifth: . . . [Here testator bequeathed to his children George L., Manie Elizabeth, Alvina and Caroline] each the sum of ($1600.00) sixteen hundred dollars, which sums of money is to be paid out of a fund provided for by the amounts which will be due and owing to my estate from my sons, William A., Charles A., and Alfred G. Friesz, on account of the lands herein bequeathed and devised to them on the terms and provisions herein stated, it being my purpose that the four hundred acres of land herein described and bequeathed shall be valued at ($30.00) thirty dollars per acre, making a total sum of ($12000.00) twelve thousand dollars, and that out of that sum each of my seven children named shall receive ($1600.00) sixteen hundred dollars; the remainder of said sum to go to my wife, Magdaline E. Friesz, after the full payment of the bequest herein made.

By items "Sixth," "Seventh" and "Eighth," respectively, testator bequeathed and devised the residium of his estate to his wife, Magdalene Friesz; directed "said sons" to pay his wife 150 bushels of corn and one ton of hay annually during her lifetime; and appointed his wife executrix. William A. Friesz and wife, by warranty deed dated February 11, 1898, purported to convey the fee simple title to the twenty acres here involved, being part of the land described in item "Third," to Alfred G. Friesz, the recited consideration being $800. Immediately following the description, said deed contained recitals from which it appears that William A. Friesz was unable to pay said $800 charged against the land by testator; that he

sold said twenty acres for the purpose of raising said sum and removing "the lien from the remaining sixty acres of land so bequeathed to him . . ." Alfred G. Friesz immediately went into possession of said twenty acres.

The final settlement of the estate of George Friesz, dated February 16, 1898, shows receipts of $3200 from Alfred G. and $3200 from Charles A. Friesz and: "To cash received for William A. Friesz per A. G. Friesz on land, $800;" a total of receipts of $7200. Said settlement shows credits of $633.96 (including apparently money disbursed under the first settlement in the sum of $617.31), leaving a balance $6566.04. The record also discloses a document thereafter filed and certified as part of the final settlement of the estate of George Friesz, deceased, purporting to show distribution under the will of $1600 each to the four other children mentioned in paragraph "Fifth" of the will and $50 each to the three grandchildren; a total of $6550.

Elizabeth M. Fiesz died March 14, 1899. William A. Friesz died October 6, 1932. Plaintiffs are his children and instituted this suit against Alfred G. Friesz, grantee in the deed dated February 11, 1898. Upon the death of said Alfred G., his widow and children, his heirs at law, were substituted as parties defendant and appeal from a judgment and decree in favor of plaintiffs.

Appellants say the obligation imposed upon William A. Friesz by paragraph "Third" was either (1) a charge upon the land, or (2) a condition. They say a condition precedent, but whether precedent or subsequent is immaterial because upon default by William A. Friesz in prompt payment, the condition, if precedent, prevented the estate from ever vesting, or, if subsequent, defeated the estate which had theretofore vested; and that the transactions of February 11, 1898, were nothing more than the sale of the sixty acres of land to William A. Friesz by Magdalene Friesz, the residuary legatee, in consideration of the payment of $800. There are a number of reasons why we believe appellants' position not maintainable; some of which follow.

Considering testator's will and the settlement shown of record, it appears that testator desired to equalize his gifts to his seven children and, under his plan of distributing his estate, he was required to take into account his real estate; that he therefore placed a valuation upon said real estate and, based upon said valuation, required his specifically named devisees, after allowing them as his children individual credits of $1600, to pay into his estate the balance remaining unpaid under his valuation of his lands passing to the respective devisees, and, thereby deriving funds permitting of distribution, directed the distribution thereof to his other children in amounts of $1600 each and the residue to his wife.

I. No interest in fee to the land here involved passed to Magdalene Friesz under the residuary clause. *Vide,* for the moment, said paragraph "Third": "I give . . . to my son William A. Friesz, *during his lifetime and after his death to his children* . . ." the real estate. William A. Friesz took a life estate. His children took the fee as remaindermen. Also: "*The said William* A. Friesz *to have* the above described lands *upon the* express *condition* that *he pay* to my executrix . . ." $800 in two equal annual installments within two years after testator's death. The obligation to pay within two years is specifically attached to the devise to William A. Friesz, the life tenant. If that obligation be considered a condition, precedent or subsequent (concerning which we make no ruling), as contradistinguished from a charge, it operated, under the expressed terms of the will, upon the life estate devised to William A. Friesz and might have served only to prevent said life estate from vesting, if a condition precedent, or to divest it, if a condition subsequent. By item "Third" and again by item "Fifth" testator charged the payment of said $800 upon said real estate. The interested legatees had a remedy whereby they could enforce their rights under the will upon a default in payment. [Dudgeon v. Dudgeon (1885), 87 Mo. 218; Brooks v. Eskins (1887), 24 Mo. App. 296, 300(I); Murphy v. Carlin (1892), 113 Mo. 112, 116, 121, 20 S. W. 786, 788, 35 Am. St. Rep. 699; Annotations, 116 A. L. R. 7, 22, c, 41, b; 30 L. R. A. (N. S.) 815; 69 C. J., p. 1183, n. 85; p. 1206, secs. 2544, 2545; 28 R. C. L., p. 308, secs. 293, 294; Cf. Byrne v. Byrne (1913), 250 Mo. 632, 645, 157 S. W. 609, 612(4).] However, testator's devise of the fee to the remaindermen was without condition, and the fee thus granted was not cut down by the express terms of testator's will other than in so far as the payment of $800 might become a simple charge against the land devised in the remainder. [Barkhoefer v. Barkhoefer (Mo. 1918), 204 S. W. 906, 908(3); Annotations, 62 A. L. R. 596, IV, a; * L. R. A. 1917A, 622, b, 627, b, 634, V, a; 69 C. J., p. 1168, sec. 2486, p. 1186, sec. 2507; 28 R. C. L., p. 306, sec. 288; and consult the Dudgeon and Brooks case, supra.] In doubtful cases the tendency is to favor a construction of provisions for the payment of legacies, or sums of money, if possible, as charges rather than conditions because of an

---

*See, among others: Casey v. Casey, 55 Vt. 518, 521; Re Korn's Will, 128 Wis. 428, 436, 107 N. W. 659, 661; Schrader v. Schrader, 158 Iowa, 85, 88(II), 139. N. W. 160, 162(2, 3); Selzer v. Selzer, 146 Kan. 273, 275, 69 Pac. (2d) 708, 710(2), 116 A. L. R. 1, 4; Parsons v. Millar, 189 Ill. 107, 113, 59 N. E. 606, 609; Cronin v. Cronin, 314 Ill. 345, 350, 145 N. E. 619, 621; Holliday v. Summerville, 3 Penr. & W. (Pa.) 533; Downer v. Downer, 9 Watts (Pa.) 60, 62; Wise v. Wise, 188 Pa. 258, 261, 41 Atl. 526, 527; Fox v. Phelps, 17 Wend. (N. Y.) 393, affirmed in 20 Wend. (N. Y.) 437, 442; Cunningham v. Parker, 146 N. Y. 29, 33, 40 N. E. 635, 636, 48 Am. St. Rep. 765, 767; Smith v. Smith, 48 Hun, 617, 1 N. Y. Supp. 643; Re Gray, 27 N. D. 417, 422, 146 N. W. 722, 723, L. R. A. 1917A, 611, 613; McNally v. McNally, 23 R. I. 180, 181, 49 Atl. 699(1); Wright v. Wilkin, 2 Best & S. 232, 250, 121 Eng. Reprint 1060, 1066, affirmed, 2 Best & S. 259, 121 Eng. Reprint 1070.

apparent aversion to declare forfeitures and an inclination to favor the early vesting of estates.

II. Concede, for argument, appellants' position that a failure of the life tenant to pay promptly might defeat the devise over to the remaindermen. Nevius v. Gourley (1880), 95 Ill. 206, 211, cited by appellants as the case nearest on the facts, involved a testamentary provision that if testator's son "shall pay" specified legacies "out of his own private funds, within one year from the date of my decease," "then" testator devised certain real estate to said son, but "if said" son "shall not fully comply with the foregoing conditions, he shall have no lien on" the real estate devised, and, stressing the portion last above quoted (l. c. 213), held a condition precedent existed; but the ruling there made more applicable to the instant facts (l. c. 212, 214) was that the interested beneficiaries could waive a strict compliance with testamentary devises creating estates upon conditions precedent (payment out of "own private funds" within a year), which latter ruling prevailed upon the second appeal (97 Ill. 365, 368) and concluded the case. [Consult Alexander v. Alexander, 156 Mo. 413, 420, 57 S. W. 110, 112; Cravens v. Cravens, 333 Mo. 135, 138(2), 61 S. W. (2d) 739, 740(2); McMahan v. Hubbard, 217 Mo. 624, 643(II), 118 S. W. 481, 486(2); 69 C. J., p. 683, sec. 1800.]

Alfred G. Friesz derived his record title through the deed from William A. Friesz and the will of George Friesz. Neither he nor William A. received any muniment of title from Magdalene Friesz. Under testator's will and the facts, Alfred G. was not an interested party in William A.'s payment of the $800. Those interested made no attempt at reentry, but accepted their distributive share of the $800 payment, although past due, and recognized and ratified the same as a compliance with testator's will. George Friesz had no intention of disinheriting his son William A. Item "Fifth" recognized William A.'s right to an interest in testator's estate of the value of $1600 along with testator's other children. If William A. purchased from Magdalene Friesz, what became of his $1600 legacy? The special recitals in the deed from William A. to Alfred G. of February 11, 1898, recognized the "lien" charged against William A.'s estate and its stated purpose was to remove the same. A discussion of conditions precedent and subsequent is not essential to a ruling of the case. William A.'s deed was ineffectual to pass any greater estate than he possessed. Appellants make no claim based on limitations. [Williams v. Reid (Mo.), 37 S. W. (2d) 537, 542(14).]

Learned counsel (one an able lawmaker as well as an able lawyer) for appellants have represented their clients with exceptional industry and ability in this court and, from the record, in the trial court. From counsel's remark upon oral argument we believe he recognized the difficulties attending his clients' cause. The most successful ad-

vocates meet occasional reverses, especially where the facts are against the client, as here, regardless of the industry, ingenuity and learning they may bring to the client's cause.

Under testator's will and the facts the judgment should be and is affirmed. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.