MARY BROWN ET AL., RESPONDENTS, v. RACHEL C. LYLE ET AL., APPELLANTS.—161 S. W. (2d) 701.

Kansas City Court of Appeals. April 6, 1942.

*D. D. Reeves* and *A. F. Harvey* for appellants.

*Wright & Ford* for respondents.

SHAIN, P. J.—In this suit we are called upon to construe provisions of the will of William H. Anderson, deceased. William H. Anderson, resident and citizen of Nodaway County, Missouri, died testate in Nodaway County, Missouri, in the year 1937, possessed of a personal estate and real estate situate in said county.

By his will William H. Anderson willed all of his personal property to his widow Nannie Anderson and further willed and devised to her a life interest in all of his real estate for and during her natural life or so long as she remained his widow. By the provisions of his will he devised in fee to his son Harry J. Anderson and his daughter Rachel C. Lyle, subject to the life estate of his widow, one hundred and sixty acres, to-wit: The northwest quarter of Section 21, Township 63, Range 36.

For provision for his daughter, Mary Gex, the will of William H. Anderson is as follows:

"At the death or remarriage of my wife, I give to my Daughter

Mary Gex the following described Real Estate her natural life and at her death to her children share and share alike, to-wit—the west half of the South East quarter and the East half of the East half of the South West quarter all in Section twenty-one (21) Township Sixty three (63) of Range Thirty Six (36) in Nodaway County, Missouri, but I require that my said daughter Mary Gex shall within one year from the death or remarriage of my wife pay to my son Harry Anderson and my Daughter Rachel C. Lyle an amount equal to one third of the valuation to each of the East half of the East half of the South west quarter of Section (21) Township (63) of Range (36) as it may appear by valuation at that time.''

The controversy in this case involves construction of the above provisions of the will. Facts leading up to the bringing of this action are as follows: On May 29, 1928, Harry Anderson, Rachel C. Lyle and Mary Gex entered into a written contract for the purpose of fixing the amount that the will provided should be paid by Mary Gex to meet the requirement of the provisions, supra.

By this agreement Mary Gex herself to pay to Harry J. Anderson and Rachel C. Lyle, within one year after the death of Nannie Anderson, the sum of $2000 each as a complete settlement and discharge of all rights and claims given therein under provisions of will, supra.

On June 5, 1928, Nannie Anderson, the widow of William H. Anderson, paid to Harry Anderson and Rachel C. Lyle $500 to apply on the amount due them from Mary Gex and they duly receipted for same.

On May 28, 1938, Mary Gex died, leaving seven children. In June, 1939, the widow, Nannie Anderson, died. Nannie Anderson had never remarried. It follows that the life estate to Mary Gex, contingent upon the death or remarriage of the first life tenant, Nannie Anderson, never took effect in possession.

On February 28, 1941, this action was brought by the children of Mary Gex, deceased, who are designated as remaindermen in fee as to all the real estate described in provision of clause of will set forth above.

Plaintiffs' petition is in two counts. Count one asks the court to declare ownership in fee in all of the real estate described in clause of will, supra, clear and free of any claim upon the parts of Harry J. Anderson and Rachel C. Lyle, who are designated as defendants.

Count two of plaintiffs' petition asks partition of the real estate set forth, supra, among the seven children of Mary Gex, deceased; same being the designated remaindermen in fee in and to the real estate described.

Defendants join issue claiming the payment provided to be paid to them in the clause of the will of William Anderson, deceased, constitutes a lien on the East half of the Southwest quarter of Section 21, Township 63, Range 36.

In answer to the second count, defendants join in asking partition

and asking that land be sold and that the sum of $2000 be paid from proceeds to each of the defendants.

Defendants further answering allege ownership in common between plaintiffs and defendants of another tract in Section 24, Township 63, Range 36, and ask for partition of same. However, there seems to be no dispute as to ownership of this tract.

The trial court found for plaintiffs on the question of the lien urged by defendants. In other words, the trial court adjudged that the provision in the will requiring Mary Gex, the contingent life tenant, to pay did not create a lien on the fee. Defendants duly appealed from the judgment of the trial court.

We will continue to refer to parties as plaintiffs and defendants.

All assignment of error are based on the construction of the clause of the will above set forth and contract between defendants and Mary Gex. The only question presented to us for review is as to whether or not said provisions of the will constitute a lien on the fee and as to whether plaintiffs are bound by aforesaid contract.

It is undoubtedly the law that where real estate is devised to one who is, by the will, required to pay to each of the devisees named in the will a sum sufficient to make the devises to all equal in value the law in such case will attach an equitable lien of the land for the sums so required to be paid.

The defendants urge that the provisions of the will herein in issue be so construed as to in effect come within the above.

The rule for construction of wills is that the will must be considered from all four corners in order to ascertain the intent of the testator. However, if the provisions of a will are clearly stated it is not within the province of a court to make a will for the testator or to give to same an application or construction out of harmony with the unambiguous language of the will.

Defendants urge that the will, construed as a whole, gives expression of intent to equalize the division of testator's real estate equally among his three children. We conclude that this above construction is not borne out by the plain and unambiguous language of the will. In the first place, the son Harry and the daughter Rachel are devised a fee in one hundred and sixty acres subject only to remarriage or death of mother. As to the daughter Mary Gex, the testator plainly expresses his intent to not vest any of his estate in fee in her. To his said daughter Mary the testator bequeathed only a life estate contingent upon her mother's death or remarriage and conditioned further that she within one year from said death or remarriage pay to Harry and Rachel one-third of the value of the forty acres of the land so bequeathed to her for life.

The only estate that was given to Mary was a contingent life estate that by reason of her death never ripened into fruition. Such contingent estate as she had was subject to any debt or obligation that she owed in her lifetime. If Mary had outlived her mother and

enured to the life estate, such life estate would have been subject to amounts provided to be paid to Harry and Rachel, and Harry and Rachel could have enforced payment of same by judgment against Mary and by execution on her life estate in possession.

By the plain and unambiguous language of the will of William H. Anderson, deceased, a title in remainder in fee was vested in the children of Mary Gex with no contingency attached. We conclude that the judgment of the trial court to the effect that the will vested full title in fee in the children of Mary, free from any contingency, is correct. [Friesz et al. v. Friesz, 127 S. W. (2d) 714.]

The defendants cite Davis v. Stevens, 124 S. W. (2d) 1132. The will in this aforesaid case devised to a daughter and her bodily heirs real estate subject to payment of $1 per acre to testator's wife during her life. Such provisions were, of course, a condition precedent which created an equitable lien on the land.

It is unquestionably the law that when a testator devises an estate and creates a charge upon the estate devised, then the charge constitutes an equitable lien on the estate. In the case at bar the charge can only be interpreted as a charge on the contingent life estate of Mary Gex. Such an estate never having vested in Mary Gex, there is no estate in existence subject to payment of any amount to the defendants herein.

Defendants contend as follows:

"The payment of $500 to each of the defendants, Rachel C. Lyle and Harry J. Anderson for Mary Gex by the widow, Nannie Anderson, and the receipt therefor, reciting under and pursuant to the contract of May 29, 1928, reducing the amount to be paid by Mary Gex to $1,500 each, pleaded and claimed by the heirs of Mary Gex, created an estopple as to the Gex children and binds them as to the balance of $1,500 to each and fixes the value of the one-third interest in the land. They cannot adopt, plead and claim part of the agreement, take advantage of it and renounce the other part."

Defendants cite cases involving ratification of unauthorized acts of agent and cases wherein a party accepts in part and rejects in part, and kindred cases in support of the above contention.

We find nothing in the record in this case wherein the plaintiffs herein are shown to have ratified the agreement entered into between their mother and the appellants. One of the plaintiffs is shown to be a minor at the time this action was brought. Such fact, in the light of the showing of the record herein, is not consistent with the theory urged by the defendants.

The contract entered into by defendants, party of the first part, and Mary Gex, party of the second part, is clearly based upon the theory that the obligation to pay to each of the defendants $2,000 was a personal obligation of Mary Gex.

We find nothing in the record herein to justify the contention made

by defendants to the effect that the trial court based its conclusions on any theory that the plaintiffs inherited the land from Mary Gex.

We conclude that the language of the clause of the will, set forth *supra,* clearly vests all of the real estate therein in fee in plaintiffs, and we find no prior or subsequent clause that even tends to express any other intent.

Judgment affirmed. All concur.