CASE 113—EQUITY—JANUARY 20, 1883.

# Pearcy, &c., v. Greenwell, &c.

### APPEAL FROM SHELBY CIRCUIT COURT.

The testator in 1849 devised to J. G. and R. G. certain of his lands, subject to his wife's life estate, upon condition that they pay $700 to his wife, $500 for the benefit of the M. E. Church, &c., &c.

1. *Held*—The terms of the will import that the devisees took a vested remainder, subject to the sums named as a charge upon the land, and those for whom the charge was made could, after the sums were due, have enforced payment by asserting their liens upon the land. ·

2. The law favors vested estates, unless the intention of the testator requires a different construction.

J. L. CALDWELL AND A. M. CUNNING FOR APPELLANTS.

1. The acceptance of a legacy with a lawful charge is itself a contract on the part of the person accepting, and the conditions must all be performed, or the land descends to the heirs. (4 Mass., 584; 18 Johns., 31; 10 *Ib.*, 151; 8 Ind., 452; Munday v. Taylor, 7 Bush, 491; 5 Pick., 528; 10 Watts., 179; 9 *Ib.*, 60; 2 Williams' Ex., 1105; 2 Red. on Wills, 284; *Ib.*, 301; Wash. on Real Prop., 448; 4 Kent's Com., sec. 125; 6 Johns. Ch'y, 33; Young v. Slaughter, 2 Dana, 384.)

2. Mere silent acquiescence in, or parol assent to, an act constituting a breach does not amount to a waiver of a condition in a will. (2 Wash. on Real Prop., 445; 1 Salt., 250; 1 Vent., 248.)

3. It is a general rule that words will operate as a condition precedent, or condition subsequent, as will best answer the intention of the testator. (Preston on Estates, 239; Redfield on Wills, 300; 2 Wash., 446; 97 Ill., 365.)

4. Heirs have always been looked upon with favor by the courts. (1 Rop. Leg., 671, 840.)

M. T. CARPENTER AND W. LINDSAY FOR APPELLEE.

1. The almost universal rule is, that in a will that makes no other disposition of the property, the condition is regarded as subsequent. (3 Peter, 376.)

2. And land devised upon condition of paying a legacy is a condition subsequent. (4 Han. Del., 517 ; Berry v. Headington, 3 J. J. Mar. ; Myers v. Daviess, 10 B. Mon., 397 ; Kenner v. Am. Const. Co., 9 Bush., 203.)

3. The doctrine of forfeiture is held in such little favor that a court of equity will relieve against a forfeiture for breach of a condition subsequent. (Loomax, vol. 1, 356 ; Rev. Stat., title Heirs and Devisees, art. 2 ; 4 Met. 217 ; 6 Gill. & John., 507 ; 3 Me., 394 ; 17 How., Ripley v. Astor Ins. Co. ; 2 Duv., 310 ; Farmer v. Adams, 12 Bush ; 2 Ib., 161 ; 4 Met., 217.)

CHIEF JUSTICE HARGIS DELIVERED THE OPINION OF THE COURT:

This was a suit between the heirs at law of Jeremiah Holly, who executed a will in 1849, and died soon thereafter, and the devisees, under the third clause of his will, which is in this language:

"My will and desire is that all of my land on the west side of the road be equally divided between John Greenwell and Ralph Greenwell, upon condition that they pay $700 to my wife in one and two years, one half each year, to be her absolute property, and $500 to the elder of this district of the Methodist Church, to be by him paid over to Kentucky Conference for the benefit of superannuated preachers; also, that they give Jeremiah Smith a good horse, bridle, and saddle."

By the heirs it is contended that the payment of the several bequests annexed to the devise of the land west of the road was a condition precedent to the vesting of the devise, and if a condition subsequent, by the failure to pay them the appellees forfeited the devise.

.The will authorizes no such construction, and. the law provides no such consequences.

The law favors vested estates, and will not construe them to be contingent unless the intention of the testator require: such construction.

By the will before us, the testator gave the whole of ·his· estate to his wife for life, and divided his lands by a road, giving to the appellants in remainder all of the land on the east, and to the appellees all on the west of the road. And provided, by the eighth clause, should it be thought advis-- able, that "the court appoint commissioners to convey the: same to the said John and Ralph Greenwell and others.""

The interest and property the appellees were to take· were specifically designated; they were in being both at the execution of the will and death of the owner of the partic- ular estate, and were, consequently, competent to take at any moment from its creation that the particular estate. might cease.

There is no disposition of the estate by the will, in the event the appellees should fail to pay the several bequests charged upon it, and the general rule is, where there is no devise or limitation over to take effect upon failure to per- form a condition annexed to the devise, the failure to per- form the condition, though precedent, does not forfeit the devise, such conditions being construed to be subsequent. conditions.

These rules of construction guided this court in the case· of Berry v. Headington, 3 J. J. Marshall, 319, where it was held that the non-performance of a condition of this char- acter did not forfeit the estate devised.

And in that case the· terms "on these conditions" fol- lowed the devise, and preceded the charge of the bequests.

upon it, precisely as the words "upon condition" were located by Holly in his will; and of course those words have the same force and meaning in each will.

We are clearly of the opinion that the terms of Holly's will import that the appellees took a vested remainder, subject to the sums named in the third item as a charge thereon, and those for whom the charge was made could, at any time after due, have enforced payment by the remaindermen, unless they expressly disclaimed, and in that event subjected the land which is in lien for the payment of the charge.

The law does not work a forfeiture, nor prevent the estate from passing under a will of this character, although the subsequent condition was not performed, as this court held in the case cited, and in the case of Myers v. Daviess, 10th Ben. Mon., 397, and as laid down by Kent, vol. 4, pp. 202–3; and we see nothing in the ulterior facts of this case to support the claim of forfeiture, but much to defeat it, as Mrs. Holly, the life-tenant, lived until 1880, having occupied the lands on the west side of the road all the time after the testator's death, and made no demand of the appellees to pay the charge in her behalf, which was a lien, and bearing interest, and which she may have wished to remain in that state, unless the profits and use of the land should become insufficient for her support.

The other legatees may have been also satisfied with an interest-bearing bequest secured by lien, and we do not think the length of time the appellees have failed to pay the legacies, under these circumstances, add one feather's weight to the claim of forfeiture.

Wherefore, the judgment is affirmed.