### JOHN CASEY *v.* PATRICK J. CASEY.

*Ejectment.    Will.    Remainder.    Condition Precedent.*

1. In an action of ejectment between two brothers,—the question being as to the ownership of a small piece of land, and this turned on the following clause in their father's will : " I give and devise to my beloved son John Casey the home farm, &c.  .  .  .  .  for and during his natural life with remainder over to his two sons—— ; and at his decease I give the same to them and their heirs forever ; and this *legacy is given upon the express condition that the said John Casey pay to my son Michael Casey the sum of seven hundred dollars on or before the first day of April after my decease.*"  The $700 had not been paid.  *Held,* that the intent of the testator should govern ; that the title to the real estate *vested* in the devisee on the death of the testator ; and that Michael had only an *equitable lien* on the real estate.

2. *Variance.*  Under the statute, R. L. ss. 1247, 1250, allowing the writ of ejectment, there was no *variance,* although the declaration averred a seisin in fee in the plaintiff, when he had only a life estate.

3. R. L. s. 1247, ejectment ; s. 1250, recovery according to the right, construed.

EJECTMENT.   Plea, general issue.   Trial by court, December Term, 1882, VEAZEY, J., presiding.   Judgment for the plaintiff. The plaintiff and defendant were brothers.   The declaration alleged a seisin in fee in the plaintiff of a narrow piece of land, including a spring, and ouster by the defendant.   The plaintiff claimed title by virtue of his father's will.   The $700 had not been paid.   The clause in contention was as follows :

" I give and devise to my beloved son, John Casey, the home farm, which I purchased of Peltiah Armstrong, and the land adjoining the same on the north, which I purchased of John W. Vail, for and during his natural life, with remainder over to his two sons, Francis and Michael Casey ; and at his decease I give the same to them and their heirs forever.   And this legacy is given upon the express condition that the said John Casey pay to my son Michael Casey the sum of seven hundred dollars on or before the first day of April after my decease."

The defendant objected to a copy of the will as evidence :

(1)   Because it does not tend to show a title in fee to the premises, but only an estate for life in the plaintiff with remainder

over in two of the plaintiff's children, who are not parties to this action. (2) Because it tends to show an estate in the plaintiff only upon condition that he should pay to Michael Casey, another son of the testator, the sum of seven hundred dollars on or before April 1st, 1876, and it was not shown that this condition had been complied with.

*H. A. Harmon* and *Kittredge Haskins*, for the defendant.

The plaintiff cannot maintain this action on the title shown. *Cheney* v. *Cheney*, 20 Vt. 606. A merely equitable estate in land will not support ejectment. *Mulford* v. *Tunis*, 35 N. J. L. 256; *Dewey* v. *Long*, 25 Vt. 564; 37 Vt. 653. The title did not vest in the plaintiff, as the $700 had not been paid. It was a condition precedent. *Nevins* v. *Gourlay*, 95 Ill. 206; 2 Redf. Wills, 283, 284; Jarman Wills (4th. Am. Ed.), 683; *Finlay* v. *King's Lessee*, 3 Pet. 346; *Rollins* v. *Riley*, 44 N. H. 91. If the condition were a condition subsequent, and was not performed at the time mentioned, the heirs of the testator, of whom the defendant is one, might each for himself enter and take possession of his share. 2 Bl. Com. 154. See *Thompson* v. *Thompson*, 9 Ind. 329; *Ladd* v. *Harvey*, 21 N. H. 514. Where an estate in land was devised to one upon condition that he pay a certain sum of money to another person, by a certain day, and he did not pay it, one of the heirs of the testator entered and brought ejectment for her undivided share, and the judgment was for the plaintiff. *Wheeler* v. *Walker*, 2 Conn. 196; *Ashley* v. *Burrell*, 48 Vt. 491. The heir can retain possession until partition. *Avery* v. *Hall*, 50 Vt. 13. As to variance, see 4 Kent, 4; 2 Bl. Com. 105, 120; 46 Vt. 516; 12 Ill. 420; 58 Ill. 97.

*Sibley & Son* and *Batchelder & Bates*, for the plaintiff.

The plaintiff is tenant for life with right of entry, and as such may sustain ejectment. 1 Chit. Pl. 172; R. L. s. 1247. It is admitted that the legacy to Michael of $700 was made a charge on the " home farm "; but on the death of the father the plaintiff took a *vested* interest in the property,—an equity of redemption. The condition in this will should receive the same construction as that in *Scott* v. *Patchin*, 54 Vt. 275. The fact that the $700 was

a lien on the property is no bar to this action. *Dunbar* v. *Dunbar*, 3 Vt. 472; *Wood* v. *Hildebrand*, 2 Am. Rep. 513. But at all events the plaintiff can maintain this action. He was in possession, claiming title. Defendant had no color of title. 1 Chit. Pl. 173; 8 East, 356; *Day* v. *Albrow*, 9 Wend. 223; 4 Vt. 295; 27 Vt. 640; 28 Vt. 332; 36 Vt. 261.

The opinion of the court was delivered by

TAFT, J. I. The right of the plaintiff to maintain this action depends upon whether he took under his father's will the legal estate in the premises sued for. His father devised the premises to the plaintiff for life, with remainder to the plaintiff's children, upon the express condition that the plaintiff paid to his brother Michael seven hundred dollars on or before the first day of April after the testator's death. That sum has never been paid; and the defendant insists that the legal title to the premises has never vested in the plaintiff. There are cases in our sister states which hold that such conditions are conditions precedent, and that no title to the lands devised vests until the conditions are performed. Such may be the rule in the construction of deeds and contracts; but great latitude has been exercised by the courts in the construction of wills. "It has been held that that which may be a condition precedent in a deed may be a condition subsequent in a will." *Jennings* v. *Gower*, Cro. Eliz. 219. And the rules of construction are so liberal that it has been held that "no precise form of words is necessary to create conditions in wills; but whenever it clearly appears that it was the testator's intent to make a condition, that intent shall be carried into effect." 2 Williams Ex. 1081. The case at bar should not turn upon any technical construction to be given the words used. The great object is to come at the intention of the testator. Nice grammatical constructions, which lead aside from this grand object, are to be disregarded. The testator provided some of his children with homes,—those, it is said, who were living in this state—distributing his real property among them. He gave Michael, living out of the state, one thousand dollars, requiring the plaintiff to pay seven hundred dollars of it, and giving the plaintiff his home

farm on condition that he should pay it on or before the first day of April after the testator's decease. It was the evident intent of the testator that upon his death the plaintiff should be vested at once with the title and ownership of the farm, that the payment of the seven hundred dollars should be charged upon it, and that it should be held subject to such equitable lien. This is the construction that we think should be given to the will. It could not have been the testator's intent that in case he had died on the last day of March that the devisee should lose all benefit of the gift in case he did not pay the seven hundred dollars the next day. The plaintiff therefore had a sufficient title to maintain ejectment.

II.  The question of variance raised by the defendant we think is controlled by the statute, R. L. ss. 1247, 1250. The plaintiff, although having but a life estate, is entitled to " recover on the merits according to his right." Judgment affirmed.

ROYCE, Ch. J., being absent, did not sit in this case, but having examined the opinion concurred therein.