Bartlett, J.
—It is undisputed that the fund which has given rise to this litigation was the sole property of the plaintiff. She turned it over to the defendant to invest for her on bond and mortgage. The defendant invested it by purchasing two mortgages, which she procured to be assigned to herself and the plaintiff, her sister, by an instrument of assignment which transfers the mortgages, together with the bonds and the moneys to grow due thereon, “to the said Caroline A. Smith absolutely, if she survives the said Ruth, or if the said mortgages shall be paid off during the joint lives, but if the said Caroline shall die before the said mortgage is paid off, leaving said Ruth surviving her, then from and after the death of Caroline to said Ruth absolutely.”
Since receiving this assignment, the defendant has regularly collected the interest on the mortgages and paid it over to the plaintiff.
*806 The plaintiff brings the present suit to have the mortSages declared to be' her sole property and to compel the efendant to assign them to her, on the ground that she placed her money in the hands of her sister simply to invest; and without any agreement that the defendant was to have the fund in the event that she should survive the plaintiff or if the money should be paid during their joint Uves. The plaintiff expressly testifies that no such arrangement was made.
The defendant admits, in her testimony, that there was no agreement that the money should belong to her if the mortgages were paid off while she and her sister were both alive, and it is conceded that the assignment is wrong in that respect; but she insists that the plaintiff said she was to have the money if the plaintiff died first. The case turns upon this issue, as to which there is a direct conflict of evidence between the parties. I should be better satisfied if the testimony of the plaintiff could have been given in person upon the trial instead of by deposition; but assuming both parties to be equally credible, as I do, the decision would be against the one upon whom rests the burden of proving the alleged agreement that the invested fund should go to the defendant if she survived the plaintiff. Although inchned on the trial to think that the burden of proof, in all aspects of the case, rested upon the plaintiff, I am satisfied on further reflection that the affirmative of the issue as to the agreement in question was with the defendant. She relied upon the agreement, and it was for her to establish it by a fair preponderance of proof. I cannot say that she has done this.
It follows that there must be judgment for the plaintiff, but under the circumstances without costs.
Pratt, J.
—There is much force in the argument of appellant that the silence of plaintiff, when she was informed of the terms of the investment soon after it was made, is an admission that the agreement between the sisters was such as appellant now claims.
Yet in view of the fact that such agreement does not seem to be sustained by any valuable consideration, and to be wholly for the benefit of the party who seeks to sustain it, we decide, with much hesitation, that the judgment may be affirmed. No costs.
Barnard, P. J., and Dykman, J., concur.