Sullivan,
Dec., 1900.

## COLBY, *Ex'r, v.* DEAN *& a.*

Where a will provides that the residue of an estate is to be divided among surviving nephews and nieces, upon condition that each shall learn some useful trade, the word " trade " is to be construed to mean any special occupation or profession, when it appears that one of the designated class, who was employed as a school-teacher, was considered by the testatrix to have complied with the condition.

In such case a minor legatee is entitled to his share in the estate upon the fulfillment of the condition within a reasonable time after becoming of age, when the will fixes no definite period within which a trade is to be acquired.

BILL IN EQUITY, by the executor of Lucy D. Jones, for the construction of the residuary clause in her will.   Facts agreed.

The clause in question reads as follows: " All the rest, residue, and remainder of my estate which I am possessed of at the time of my decease, whether real, personal, or mixed, of whatever name and wherever situated, I give, bequeath, and devise to such nephews and nieces as I may have at the time of my decease, in equal shares, they to share and share alike, upon condition however in each case that they shall have some useful trade, and in case any shall fail to do that, then such one or ones so failing shall receive no part of my estate, but the same shall be equally divided among those complying with the above mentioned condition, to have and to hold the same to them and their heirs and assigns forever."

The testatrix's nephews and nieces at her decease were Frances E. Fisher, Edna Dean, Horace Dean, John Cotton Dean, Cora Dean, Blanca Dean, and Thad P. Dean, all of whom, except Frances, were then minors.   The last four named are still minors; the others are of full age.

Frances followed the occupation of a school-teacher for a considerable time before and after the making of the will.   She lived near the testatrix and was on intimate terms with her.   The facts in regard to her occupation were well known to the testatrix, who understood school-teaching to be a trade and regarded Frances as having fulfilled the condition of the will.   Edna has graduated from a business school or college as a typewriter and holds a certificate that she is qualified for that business.   Horace has graduated from a business college as a bookkeeper and is engaged in that employment.   The others are with their parents, living as usual with children.

The executor prays instructions as to the validity of said bequests, as to the meaning of the term " trade " as used by the testatrix, as to the time within which the condition is to be fulfilled or the right to a share of the estate forfeited, as to who is to determine and in what manner whether it is fulfilled or not, as to whether it has been fulfilled on the part of Frances, Edna, and Horace, so as to entitle them each to a share under said provision, and also how the estate and its accumulations are to be divided under said provisions.

*Ira Colby*, pro se.

*Hosea W. Parker*, for the defendants.

BLODGETT, C. J.    It sufficiently appears from the agreed facts. that the testatrix understood and used the term " trade " in the broad sense of special occupation or profession rather than in the ordinary sense of mechanical employment, and we are therefore of opinion that Frances, Edna, and Horace have fulfilled the condition of the will, so as now to entitle each of them to one seventh part of the present residuum of the testatrix's estate, provided the residuary clause of the will can be sustained.

The only difficulty now arising as to that clause is as to the time within which the condition is to be performed or the right to a share of the estate forfeited.    But we do not regard this difficulty as insuperable.    When no time is fixed for the doing of an act or the performance of a condition, it is to be done or performed within a reasonable time ; and by not fixing a definite time for the acquirement of a trade by the several donees, we think it was the probable intent of the testatrix that such trade should be acquired by them within a reasonable time after becoming of age, which may be determined by the court, in a proper proceeding instituted for that purpose, by the circumstances of each particular case.

*Case discharged.*

All concurred.