HENRY SCHRADER and FRANK SCHRADER, Appellees, v. LOUISA SCHRADER and DORA SCHRADER, Appellants.

Wills: REMAINDERS: WHEN VESTED. The provision of a will that the
1   remainder shall pass to remaindermen on the death of the life tenant, has reference to the time when the remaindermen shall come into possession of the property; and, in the absence of language requiring a different construction, will not prevent the vesting of the remainder immediately upon the death of the testator. In the instant case the testator gave his personal estate and a life interest in all of his real estate to his wife, and provided that upon the death of the wife a certain tract of land should be divided among his three sons; *Held*, that the vesting of the remainder was not postponed until the death of the widow.

Same: CONDITION SUBSEQUENT: VESTING OF REMAINDER. As between
2   contingent and vested estates courts incline to the latter, whenever it can be done without violence to the language of the instrument. Thus, a devise made upon the condition that a remainderman pay a stated sum of money to another person, with no limitation over upon failure to make such payment, is a condition subsequent and not precedent to the vesting of title; and is in the nature of a legacy to the third person so designated, to be treated as a charge upon the land devised. In the instant case a clause in the will providing: "that before George Schrader shall become the sole, absolute and unqualified owner . . . he shall pay to . . . Henry Schrader the sum of $500" in the connection used is held to have created a condition subsequent.

Ladd and Deemer, JJ., dissenting.

*Appeal from Polk District Court.*—HON. JAMES A. HOWE, Judge.

Friday, December 13, 1912.

Action for construction of will. Both parties appeal, but the appeal of the defendants being first perfected they alone will be denominated appellants.—*Reversed in part and Affirmed in part.*

*Van Vleck & Holmes,* for appellants.

*Mills & Perry* and *Franklin & Miller,* for appellees.

Weaver, J.—John Peter Schrader died leaving a will, which has been duly admitted to probate. The meaning and effect of two clauses of said will having become a matter of dispute, this action was brought for their construction. Having first given his personal estate and a life interest in all his real estate to his wife, he undertakes to devise the remainder over in certain described tracts of land to his sons George, Henry, and Frank in the following manner: By the first of the disputed clauses he provides that a certain described tract of land shall, on the death of his wife, Dora, be equally divided between his sons, George, Henry, and Frank, and then adds, "It is further my will that in the event that the said Dora Schrader shall die before I do that upon my death the last described premises shall be equally divided between my three sons." By the other clause it is provided as follows: "If my well beloved wife Dora Schrader shall live after me, then it is further my will that on the death of said Dora Schrader my well beloved son, George Schrader, shall become the sole, absolute and unqualified owner, on the condition hereinafter expressed, of the following described real premises: [Here follows description of land other than that mentioned in the first clause.] It is the express condition that before George Schrader shall become the sole, absolute and unqualified owner of said real premises that he shall pay to my well beloved son, Henry Schrader,

the sum of $500. And it is further my will that in the event my well beloved wife, Dora Schrader, shall die before I do that upon my death the said last above described real premises shall pass to the sole, absolute, and unqualified ownership of my son George Schrader, upon condition that he, my son George Schrader, shall pay to my son, Henry Schrader, the sum of $500.''

The testator died October 1, 1904, survived by his wife and three sons, above named. Thereafter, on June 8, 1906, the son George Schrader died intestate, leaving surviving him his wife, Louisa Schrader, and his infant daughter, Dora Schrader, his only child and heir, who are the defendants in this proceeding. George Schrader did not in his lifetime pay the said sum of $500 to his brother Henry; nor had it been paid by the widow or child of George when this action was instituted. On July 23, 1909, Dora Schrader, widow of the testator, died, and upon the lapsing of her life estate in the lands above described, question at once arose as to what interest therein, if any, accrued to the widow and child of George.

It was and is the contention of Henry and Frank that under the terms of the will George Schrader took no vested interest in any of said lands upon the death of their father, but that the devise to him was contingent upon his surviving their mother, the life tenant, and, having died before such devise became effective, and before acquiring any heritable estate in the property, no interest therein of any kind passed to his wife or child.

The trial court held and decreed that, under the devise of the first tract of land, George Schrader acquired a vested estate in the remainder of the undivided one-third of said tract, and that upon his death this interest passed to his wife and child. From this part of the decree the plaintiffs have appealed. As to the land last described, the court found that the devise of this tract made the payment of $500 to Henry a condition precedent to the vesting in George of any right or interest in the remainder over after the death of his

mother, and as a necessary result of such conclusion it was decreed that he never acquired a heritable estate in such property, and that his wife and child acquired no interest therein through him. From this finding and decree, the defendants have appealed.

I. Giving first attention to the plaintiff's appeal, it is very clear that it if their claim has any substantial foundation it is in the provision that this land is to be divided between the three sons "on the death of the said Dora Schrader." If it was clear that the testator thereby intended to make this devise to his three sons contingent upon their survival of their mother, and that neither was to acquire any estate therein until her death, then, of course, such intention would prevail, and plaintiffs should have a decree in their favor. But it is a well-settled rule that an intention to postpone the vesting of a remainder over until the death of the life tenant will never be inferred from language such as is here employed. It has been held in a multitude of cases that, in the absence of other language necessitating a different construction, a provision that the remainder over shall pass to the remaindermen "on the death" of, "at the death" of, or "after the death" of the life tenant, or other terms of like import, has reference to the time when the devisee shall come into the right of possession and enjoyment of the property devised, and will not prevent the vesting of the remainder immediately upon the death of the testator. See *Archer v. Jacobs,* 125 Iowa, 480; *Shafer v. Tereso,* 133 Iowa, 342.

1. WILLS: remainders: when vested.

The case before us is clearly one calling for the application of the rule of these precedents, and, as we have no inclination to depart from or discredit it, the decision of the trial court, so far as it is involved in the plaintiff's appeal, must be affirmed.

II. Proceeding next to the matter of the defendants' appeal, we have to inquire whether it was the intention of the

testator, as expressed in his will, to make the payment of

2. SAME: condition subsequent: vesting of remainder.

$500 by George Schrader to his brother Henry a condition precedent to the acquirement by George of any right to or interest in said land, or was it his purpose to make the gift to Henry a charge upon said property in the hands of George, and thus safely secure its payment.

The trial court, it seems, held to. the former theory of construction, but after considerable investigation we are led to adopt the latter. In the first place, as between contingent and vested estates, conditions precedent and conditions subsequent, forfeitable rights and nonforfeitable rights, the courts always incline to the latter whenever it can fairly be done without violence to the language of the instrument under which the claims of the parties are asserted. In no class of cases can this rule be more equitably applied than in the adjudication of rights dependent on the construction of wills.

It must be presumed that in making his will the testator undertook to provide for what he deemed an equitable division of his estate. Without the condition in question, George would have obtained considerably more than one-third of his father's real estate, and the testator apparently sought to equalize the distribution by requiring George to pay $500 to Henry.

There is no reason for thinking he intended to do anything more than to insure such equalization by making the payment of said sum a positive and unequivocal charge upon the land, and this is as effectually accomplished by treating the provision as creating a lien or providing a condition subsequent as it would be by considering it a condition precedent. The recital in the devise that George is to become the sole, absolute, and unqualified owner of the land on the death of Dora Schrader is not sufficient to postpone the vesting of his estate in remainder. The reference to the death of the life tenant means no more here than it means in the first

clause of the will, where we have just construed it as refer-
ring, not to the time when the estate in remainder should vest,
but to the time when the devisee should come into full owner-
ship, and be entitled to the possession and enjoyment, of the
property.

Much stress is laid by the plaintiffs on the use of the
words "sole, absolute and unqualified ownership" and other
expressions of like nature; but we think, when fairly con-
strued in the light of the admitted facts and the authorities
hereinafter cited, they mean no more than that the title in the
hands of George Schrader shall be subject to Henry's claim.
In other words, that George shall not be permitted to take
the land or dispose of it, free and clear of this burden, until
that claim is paid or discharged. That the testator regarded
it as a lien or charge and not a condition precedent is made
evident by the fact that he did not attempt to devise the fee
to any one else, in case of George's failure to make the
payment.

As sustaining the soundness of this view and illustrating
the strong tendency of the courts to hold conditions affecting
title to lands to be subsequent rather than precedent and to
construe conditions involving the payment of money, even
when expressed in positive terms, to be in the nature of cove-
nants, strict performance of which will not result in loss or for-
feiture of valuable rights, we call attention to the following:

In Schouler on Wills, section 598, the author says: "No
criterion is afforded by the choice of technical expressions, but
the probable intention of the testator must determine the
construction in every case of the kind." The fact the will does
not provide for a devise over to another on failure of the
first-named devisee to perform the condition attached to the
gift is by all authorities considered a circumstance of much
weight, indicating that the condition is not precedent to
the vesting of an estate. *Cunningham v. Parker*, 146 N. Y.
29, (40 N. E. 635, 48 Am. St. Rep. 765;) *Hoss v. Hoss*, 140
Ind. 551, (39 N. E. 255;) *Hanna's Appeal*, 31 Pa. 53; *Pearcy*

*v. Greenwell,* 80 Ky. 616; *Vandevort's Case,* 62 Hun, 612, (17 N. Y. Supp. 316).

Even where the will provides in so many words that a certain act shall be a "condition precedent" to the vesting of gift, it will be held a condition subsequent if, upon consideration of the entire instrument, it may fairly be done. *Winn v. Tabernacle,* 135 Ga. 380, (69 S. E. 557, 32 L. R. A. [N. S.] 512).

A devise to the effect that the testator's sons should have certain real estate by paying a stipulated amount to their sisters was held not to create a condition, but a charge on the land. *Taft v. Morse,* 4 Metc. (45 Mass.) 523.

A devise to A., on condition that he pays a legacy to B., charges the legacy on the land. 2 Jarman on Wills (6th Ed.) 2000.

A devise to A., "on condition that he pay my grandson B. $300," is not a conditional devise, but gives to B. a legacy of $300, charged upon the land. *Woods v. Woods,* 44 N. C. 290.

A devise to A., "upon the express condition" that he pay B. $700 before the 1st day of April after the testator's death, is not a condition precedent, and B. obtains thereby only an equitable lien on the land. *Casey v. Casey,* 55 Vt. 518.

Where the devise was to A. for life, with the remainder to B. on condition that he pay a given sum to C., it was held that if the testator intended that the money should be paid after the termination of the life estate (which was clearly the intent in the case at bar) the remainder vested immediately on the testator's death, and the payment was a condition subsequent. *Duncan v. Prentice,* 4 Metc. (61 Ky.) 216. See, also, *Leighton v. Leighton,* 58 Me. 63.

"If this act does not necessarily precede the vesting of the estate, but *may accompany* or follow it, if this is to be collected from the will, the condition is subsequent. It is in all cases a question of intention, and not of phrase or form." *Finlay v. King,* 3 Pet. 346, 7 L. Ed. 701.

Where land is devised at a valuation fixed in the will,

such price to be paid by the devisee to the executor, the title passes on the death of the testator, subject to the lien for the stated price. *Hart v. Homiller,* 23 Pa. 39.

A life estate was given to the wife, with remainder to a son on condition that he pay $4,000 to other children of the testator. The payment was held not a condition precedent, but the legacies were a charge upon the land; the son taking but an equity of redemption, which could be foreclosed in a court of equity. *Warren v. Bronson* (Vt.), 69 Vt. Rep. 655. See, also, *Wahl's Estate,* 8 Pa. Co. Ct. R. 309; *Smith v. Smith,* 48 Hun. 617, (1 N. Y. Supp. 643) ; *Pearcy v. Greenwell,* 80 Ky. 616.

In the last-cited case it was held by the Kentucky court that failure to perform a condition though precedent, does not work a forfeiture of the devise, where there is no devise or limitation over upon failure of performance by the devisee. To same effect, see *Maddox v. Maddox,* 52 Va. 804. It is also held in Indiana that a condition attached to a devise will not be enforced as precedent, where there is no limitation over, upon failure of the devisee to perform. *Crawford v. Thompson,* 91 Ind. 266 (46 Am. Rep. 598).

A devise, made "only upon condition that the devisees pay to my executors" a specified indebtedness, no limitation over being provided, was held not to create a condition precedent. *Cresswell v. Lawson,* 7 Gill. & J. 227.

After a somewhat extended search of the authorities, we have failed to find a decision holding that a devise made upon condition that the devisee pay a stated sum of money to another person, and providing no limitation over upon failure to make such payment, has been held a condition precedent. On the contrary, the cases hold with great unanimity that such a provision is in the nature of a legacy to the third person so designated, and is to be treated as a charge upon the land so devised. This is the holding in many of the cases already cited. In addition thereto, see *Sherman v. Association,* 113 Fed. 609, (51 C. C. A. 329) ; *Gingrich v. Gingrich,*

146 Ind. 227, (45 N. E. 101); *Colby v. Dean,* 70 N. H. 591, (49 Atl. 574); *Kratz v. Kratz,* 189 Ill., 276, (59 N. E. 519); *Skillman v. Van Pelt,* 1 N. J. Eq. 511; *Smith v. Smith,* 48 Hun, 617, (1 N. Y. Supp. 643); *Taft v. Morse,* 4 Metc. (Mass.) 523; *Pennington v. Pennington,* 70 Md. 418, (17 Atl. 329, 3 L. R. A. 816).

In the last-cited case the will provided that ''before any person or persons herein named shall have possession or property under this will he or she shall pay'' certain specified sums to other members of the family. This language, it will be observed, is as strong and imperative as the language in the will now before the court; but it was held not to prevent the vesting of an estate.

Finally, it should be noted that the will fixes no time in which the $500 is to be paid. It cannot be presumed that the testator contemplated payment thereof before the expiration of the mother's life estate. It would be even more unreasonable to say that payment must be made at the instant of her death, in order to prevent a loss or forfeiture of the devisee's right. There is nothing to suggest that the testator contemplated the possibility that the title of the ownership of the estate should be suspended or have no existence in any one between the instant of the life tenant's death and the appearance of the remainderman with a tender of the money.

If no estate ever vested in George Schrader, when did it vest in Henry and Frank? Certainly not on the death of their father. If it vested on the death of their mother, then what opportunity has George or his heirs had to meet the condition imposed by the will?

The testator's purpose, as indicated by the will, was to give his wife a life estate, subject to which he undertook to divide one piece of land between his three sons and to give the other tract to George, charged with a payment to be made to Henry. This will be effectively accomplished by permitting the defendants, as widow and heir of George, to take the land, subject to the burden which the will imposes upon it. Such

a holding works no wrong to any one—a proposition which can hardly be affirmed of any other result.

It follows that upon defendants' appeal the decree of the trial court must be reversed, at the cost of the plaintiffs.

*Reversed* on appeal of the defendants. *Affirmed* on appeal of the plaintiffs.

LADD, J. (dissenting). I am unable to agree to the construction put on the clause of the will considered in the second division of the opinion. In no clearer terms could the testator's intention that George Schrader be required to pay Henry $500 as a condition precedent to the vesting of title in him as devisee have been expressed. Indeed, this is so manifest that the decision of the majority falls little short of holding that a testator cannot attach a condition of this kind to a gift of land and have it regarded as precedent to the vesting of title. But the authorities are otherwise, and it is conceded that the canons of construction enumerated do not exact construction of a condition as subsequent when this will do violence to the language of the instrument under consideration. The testator was dealing with two contingencies (1) that of his wife outliving him, and (2) that of his wife dying before he did, and conditions were specified accordingly. Should his wife outlive him, the gift was not in *præsenti,* but if the language employed is to be accorded its ordinary meaning, to become operative in the future, for this clause reads: "If my well beloved wife Dora Schrader shall live after me, then it is my further will that on the death of said Dora Schrader my well beloved son . . . shall become the sole, absolute and unqualified owner, on the condition hereinafter expressed, of the following described real premises." Were this all, there might be room for the argument indulged by the majority and some of the authorities would be in point; but the testator's intention that the gift should not be present is put beyond doubt by the wording of the condition annexed: "That before (not after) George Schrader

shall become the sole, absolute and unqualified owner. . . . he shall pay to . . . Henry Schrader the sum of $500.'' Could the testator in plainer terms have expressed his intention that before the gift should vest in George he must pay Henry? That such was his purpose is made clearer by the circumstance that later on he directed that in the other contingency of his wife dying before he did George should take the land on condition he pay Henry the amount named—a condition subsequent. Why specify the two contingencies if the conditions were intended to be the same?

As stated in the majority opinion, the law favors the vesting of estates and avoids the abeyance thereof, or intestacy, as to any portion of the property whenever possible, and when a condition merely exacts the payment of a consideration it will be construed, if possible, as a condition subsequent rather than a condition precedent; but where the language of the instrument is clear and unambiguous, as in this will, and is incapable of any other construction than as a condition precedent, if accorded its ordinary and usual meaning, there is no room for the application of these rules; and the courts, instead of undertaking to apply them and distribute the estate according to their notions, should acquiesce in the plain terms of the will and carry out the manifest intention of the testator. The majority undertake to build an argument on the theory that the payment by George was essential to equalize the distribution of decedent's estate. No evidence was adduced; the cause having been submitted on the pleadings, in which no facts bearing thereon were admitted. We have no means of knowing the relative values of the gifts to the three sons, nor of the advancements previously made to any of them, and therefore are limited to determining the meaning of this clause of the will from the language employed. We have no reason for saying that the consequences the majority insist on obviating were not those decedent had in mind. Surely the cutting off of a daughter-in-law and a grandchild from participation in a decedent's estate is not so unusual or un-

natural as to justify the inference that the language employed was intended to import a meaning exactly the opposite of that made use of; that in using the word "before" the testator in fact meant "after."

Again, it is argued that, inasmuch as payment was to be made before George became the absolute and unqualified owner, this indicated an intention that he should become owner subject to the payment of the amount exacted to Henry. But the gift is described in other portions of the clause in the same fashion, and it is as such owner that he was to become only on the condition named. In other words, the only gift was the absolute and unqualified title, and the condition was annexed to this, and not to some lesser or qualified estate.

It will be noted that not a single authority cited in the above opinion is in point, save as illustrating the inclination of courts to construe the language of wills as creating conditions subsequent, whenever this may be done without distorting the meaning of the English language. This may be made clearer by an examination of the facts in some of the decisions most favorable to the ruling of the majority. In *Pearcy v. Greenwell*, 80 Ky. 616, the will provided that "all of my land on the west side of the road be equally divided between John Greenwell and Ralph Greenwell upon condition that they pay $700 to my wife in one and two years, one-half each year, to be her absolute property, and $500 to the elder of this district of the Methodist Church, to be by him paid over to Kentucky Conference for the benefit of superannuated preachers; also that they give Jeremiah Smith a good horse, bridle and saddle." Manifestly this was a condition subsequent, and the statement of Hargis, C. J., that "the general rule is, where there is no devise or limitation over to take effect upon failure to perform a condition annexed to the devise, the failure to perform the condition, though precedent, does not forfeit the devise, such condition being construed a condition subsequent," was pure *dicta*, and

a somewhat exhaustive search has discovered no authority sustaining the proposition.

In *Maddox v. Maddox*, 52 Va. 804, the condition was held to be void as in restraint of marriage, and against public policy as enjoining a named belief.

In *Cunningham v. Parker*, 146 N. Y. 29, (40 N. E. 635, 48 Am. St. Rep. 765) the devise was "on the condition and proviso that he [devisee] pay to the above-named legatees respectively the legacies herein given within the period of four years after my decease, without interest, and the real estate so devised to my son Alexander Whitford is charged with the payment of the same." Upon testator's death, the devisee went into possession, and subsequently died without discharging the legacies, and the issue was whether title had passed to him, and, of course, the court held that it had, as this was in no wise inconsistent with the language of the will.

In *Hanna's Appeal*, 31 Pa. 53, the devises were "upon condition that they [devisees] pay to my executors, within four years after my decease, such sum as from the valuation of said tracts of land, with due regard to proportion, it shall be necessary to raise out of said tracts in order to pay the legacies heretofore directed to be paid by my executors, and if he fail to pay such sum on demand, I direct my executors to make sale of so much of said lands as may be necessary to raise the just proportion of said fund, and make a sufficient conveyance to the purchaser." The court held that title vested in the several devisees; that the legacies were mere liens; and that the power conferred on the executor related solely to the remedy. These and like cases cited in the majority opinion furnish little or no support to the conclusion reached.

I cannot escape the conclusion that the recital in the will is not that of a present gift, but of a gift "on the death of the said Dora Schrader." It is then "that George Schrader is to become sole, absolute and unqualified owner." This, however, is "on condition hereinafter expressed," and the

expressed condition is "that before George Schrader shall become the sole, absolute unqualified owner . . . . he shall pay to . . . Henry Schrader the sum of five hundred dollars." The testator having by apt words unequivocally indicated an intention that the payment be exacted before the vesting of the gift, this court, regardless of its own notions, of the propriety of annexing such a condition, ought to construe the will accordingly. Were this done, there would be no escape, as I think, from the conclusion that the payment was intended as a condition precedent to the vesting of title.

I am of opinion that the ruling of the district court in decreeing that title under the will never vested in George Schrader or his heirs should be affirmed.

DEEMER, J., concurs in this dissent.