BERTHA SICK et al., Appellants, v. ELESE CAROLINE ROCK, a minor, and RICHARD M. COE, Guardian of the person and property of ELESE, et al., Appellees.

No. 47352.

(Reported in 37 N. W. 2d 305)

April 5, 1949.

Frank P. Brennan, of Avoca, for appellants.

G. C. Wyland and Oscar H. Rock, both of Avoca, for appellees.

Mantz, C. J.—This is an action in equity to construe the will of Christian V. Rock, who died October 26, 1936, a resident of Pottawattamie County, Iowa. He was survived by his widow, Caroline Rock, and four children—three daughters and one son, Alfred Rock. The will was executed June 16, 1936. It was probated and his widow, Caroline Rock, qualified as executrix and elected to take under its terms. She died June 1, 1947. The son, Alfred, a widower, died intestate on November 2, 1946, leaving one child, Elese Caroline Rock, a minor. She and her guardian are defendants herein.

The suit was brought by Rosie Dittmer and Bertha Sick, daughters of Christian V. Rock and Caroline Rock. The other

daughter is not plaintiff in this litigation but is named as a defendant.

I. The will (in paragraph 1) devised and bequeathed to testator's wife for life all his property, same to be in lieu of her "statutory rights." In paragraph 2 testator devised a remainder (subject to the life estate) in certain land to his son, Alfred, "but upon the express condition that he shall within six months thereafter pay the sum of three thousand dollars in cash to each of my three daughters." There was a residuary clause running "in equal shares to my four children; and in the event any child shall predecease me, such share and devise shall go to its issue per stirpes."

Plaintiffs claim that by reason of the death of Alfred Rock before the life tenant, Caroline, and by reason of his failure to make the $3000 payments as provided in paragraph 2 of the will, the one-hundred-sixty-acre farm described in paragraph 2 of the will became a part of the residuary estate under paragraph 3 of the will and was to be disposed of as provided in said residuary clause.

Alfred's daughter, Elese Rock, and her guardian, Richard M. Coe, claim that under paragraph 2 of the will Alfred Rock took a vested remainder subject to the life estate of his mother and that by paying or offering to pay to the three daughters of Christian and Caroline the sum of $3000 apiece, the farm devised became the property of the minor as the sole heir of Alfred.

The trial court held that under the will Alfred acquired a vested remainder and that the guardian may pay or offer to pay to each of the three daughters, Bertha Sick, Rosie Dittmer and Ida Holtz, the sum of $3000, and in the event said parties refused to receive the said payments, then to pay the same to the clerk of court and take his receipt therefor and that upon the filing of such receipt, the land devised be released from the lien and charge placed thereon by the terms of the will of Christian V. Rock.

The record shows that before six months had elapsed after the death of the life tenant, Caroline Rock, Richard M. Coe, as administrator of the Alfred Rock estate and guardian of Elese Caroline Rock, had offered said $3000 payments and that all of

them had been refused. In answer, payment is likewise tendered to each of testator's daughters.

II. The decisive question in the case is as to the nature of the interest of Alfred Rock in the farm devised. How is this issue to be determined?

It is hardly necessary to cite authority on the proposition that the intent of the testator is to be gathered from the will. Where the intent appears therein and no ambiguity exists extrinsic evidence of the testator's intent is not admissible. Boehm v. Rohlfs, 224 Iowa 226, 276 N. W. 105. A recent pronouncement of this court is set forth in the case of In re Estate of Schmitz, 231 Iowa 1178, 3 N. W. 2d 512. See cases cited therein. Anderson v. Anderson, 227 Iowa 25, 286 N. W. 446; Culver v. Hess, 234 Iowa 877, 14 N. W. 2d 692; Shoberg v. Rock, 230 Iowa 807, 298 N. W. 838. In the case of Anderson v. Anderson, supra, Justice Hale stated clearly and distinctly the rules which have been laid down and followed by this court in the construction of wills. Therein, it is held the principal concern should be to ascertain and determine the intention of the testator and that all rules of construction pertaining to the vesting of estates or interests will yield to the intention of the testator.

We find no ambiguity in the language of the will itself and no extraneous evidence suggesting any latent ambiguity. It gives a life estate to the widow (which she accepted and enjoyed until her death) in lieu of her statutory rights. The devise to Alfred is clear. There is no suggestion that its vesting was dependent upon payment of the amounts to his sisters or upon his outliving his mother. Whether nonpayment would have resulted in a lien enforceable by foreclosure or in a devesting of the title we need not determine, since tender of payment was timely made and is renewed here.

The time for the owner of the remainder to enter into possession was specifically stated—"upon the death of my wife," or at testator's death "in the event she does not survive me." The time for payment of the $9000 to the sisters—"within six months thereafter"—was clearly six months after the right of possession accrued. There was no ambiguity in that. In short,

we hold that no extraneous evidence was necessary or admissible in the construction of the will.

■ It is an established rule of law in this state that a provision that the remainder shall pass to the remainderman "on the death of" or "at the death of" the life tenant refers to the time of the enjoyment and possession of the property by the remainderman and does not prevent the vesting of the remainder in fee on the death of the grantor, unless there is language requiring a different construction. The use of such words 'is not sufficient to indicate an intention to postpone the vesting of the estate. Blair v. Kenaston, 223 Iowa 620, 273 N. W. 184, citing Schrader v. Schrader, 158 Iowa 85, 139 N. W. 160; In re Estate of Phearman, 211 Iowa 1137, 232 N. W. 826, 82 A. L. R. 674.

■ III. Was the devise in paragraph 2 of the will of testator to his son, Alfred Rock, a vested or contingent remainder? We have held a vested remainder is one which passes by the conveyance but the possession and enjoyment of which are postponed until the particular estate described therein terminates, which is invariably fixed in a certain determinate person or persons. Fulton v. Fulton, 179 Iowa 948, 162 N. W. 253, L. R. A. 1918E 1080; Jonas v. Weires, 134 Iowa 47, 111 N. W. 453; Collins v. Collins, 116 Iowa 703, 88 N. W. 1097; In re Estate of Phearman, supra; Glenn v. Gross, 229 Iowa 146, 294 N. W. 297. We need not discuss the difference between the common law and the New York statutory definitions discussed in some of the cited cases. That distinction is not important here.

In the present instance the particular estate was the life estate to Caroline Rock; the remainder so far as enjoyment and possession was concerned was postponed until the expiration of the particular estate at her death.

Alfred Rock was alive when the life estate came into being. There was no uncertainty as to the holder of the particular estate. Her successor to the fee was living, definite and certain. The devise to Alfred is not hedged or limited in any manner. It gave him a vested remainder estate, deferred as to enjoyment and possession until the death of his mother, the life tenant.

■ As to the effect of the requirement that the remainderman pay certain amounts to other beneficiaries, we believe our

holding in Schrader v. Schrader, supra (158 Iowa 85, 86, 139 N. W. 160, 161) is controlling. That case deals with the question of vested remainders. The paragraph of the will discussed in Division II therein bears a striking similarity to the provision involved here. We think the language here even less open to doubt. The opinion of the majority therein was written by Justice Weaver. There was a dissenting opinion by Justice Ladd, in which Justice Deemer joined. Both majority and minority opinions elaborately discuss the question as to whether a certain devise conveyed certain real estate wherein the devisee (remainderman) was to pay a brother $500. The testator, after giving his wife a life estate, then provided that certain real estate should go to a son, George, using the following language: " 'It is the express condition that before George Schrader shall become the sole absolute and unqualified owner of said real premises that he shall pay to my well beloved son, Henry Schrader, the sum of $500.' "

George predeceased the life tenant, his mother, and never paid to Henry the $500. This court held that notwithstanding such failure he had a vested estate in the land devised and that the $500 was a charge or lien thereon and that such estate went to his widow and heirs charged with the payment to be made to Henry. In so holding this court cited Schouler on Wills, section 598, 2 Jarman on Wills, Sixth Ed., 2000, and authorities from other states: Cunningham v. Parker, 146 N. Y. 29, 40 N. E. 635, 48 Am. St. Rep. 765; Hoss v. Hoss, 140 Ind. 551, 39 N. E. 255; Winn v. Tabernacle Infirmary, 135 Ga. 380, 69 S. E. 557, 32 L. R. A., N. S., 512; Taft v. Morse, 45 Mass. (4 Metc.) 523; Woods v. Woods, 44 N. C. 290; Casey v. Casey, 55 Vt. 518; Duncan v. Prentice, 61 Ky. (4 Metc.) 216; Leighton v. Leighton, 58 Maine 63; Finlay v. King's Lessee, 3 Pet. (U. S.) 346, 7 L. Ed. 701; Hart v. Homiller's Exr., 23 Pa. 39; Pearcy v. Greenwell, 80 Ky. 616; Maddox v. Maddox's Admr., 52 Va. (11 Grat.) 804.

After citing the foregoing cases the majority opinion states (158 Iowa, at page 92, 139 N. W., page 163):

"After a somewhat extended search of the authorities, we have failed to find a decision holding that a devise made upon

condition that the devisee pay a stated sum of money to another person, and providing no limitation over upon failure to make such payment, has been held a condition precedent. On the contrary, the cases hold with great unanimity that such a provision is in the nature of a legacy to the third person so designated, and is to be treated as a charge upon the land so devised. This is the holding in many of the cases already cited."

There is here no such limitation over.

Schrader v. Schrader, supra, is cited in the annotation in 163 A. L. R., page 1154. In the annotation there is an extended discussion of cases wherein there had been a devise with a condition which it was claimed prevented a vesting of the estate. In that connection the annotator states: "The rule is quite general that such a condition is ineffective to prevent the vesting of an estate, where the instrument creating the condition or obligation provides no limitation over in the event of its nonperformance."

We do not find any case which overrules or criticizes the holding of the court in Schrader v. Schrader. Appellant herein frankly concedes that the claim which he makes is bottomed upon the holding in the dissenting opinion. However, in the dissent, at page 94 of 158 Iowa, the writer thereof asserts that the inclusion of the expression " 'that before (not after) George Schrader shall become the sole, absolute and unqualified owner * * * he shall pay to * * * Henry Schrader the sum of $500,' " made the devise depend upon a condition precedent and said payment not having been complied with rendered the estate contingent and not vested. The majority opinion disregarded such claim. We think that the rule as set forth in the majority opinion has become the law of this state.

In the instant case the language is clear and unmistakable. Alfred was given six months after the death of his mother (life tenant) in which to pay the $9000. Certainly there appears nothing from which it could be inferred that the testator, Christian Rock, intended vesting to depend upon such payment.

As following the holding of the Schrader case see: In re Estate of Nugen, 223 Iowa 428, 272 N. W. 638; Blair v. Kenaston, supra; Carlson v. Hamilton, 221 Iowa 529, 265 N. W. 906;

Diagonal State Bank v. Nichols, 219 Iowa 342, 258 N. W. 700; Dickerson v. Morse, 200 Iowa 115, 202 N. W. 601. See also In re Estate of Phearman, supra. In the last-cited case (211 Iowa, at page 1140) the holding of the court in Schrader v. Schrader, supra is cited as setting forth a proper rule of law as to a devise wherein a charge is fixed thereon.

IV. There can be no question that the devise to Alfred was a heritable right and at his death passed to his heirs, which in this case was a minor daughter.

Appellants argue in effect that defendants could not pay or tender the $3000 payments because the will did not so provide in the event Alfred predeceased the life tenant. The ready answer is that since the devise conveyed a vested remainder there was no occasion for provision against such a contingency. The duty to pay passed with the title to Alfred's heir.

There is some suggestion that the devise is in the nature of an option, and language is quoted from the opinion in Mohn v. Mohn, 148 Iowa 288, 301, 126 N. W. 1127, 1132, to the effect that "a pure option * * * does not pass to the optionee's representatives or successors." The cited case however clearly indicates that the language does not apply to the "option" of a devisee to renounce a devise, saying that in a sense "all devises may be said to be optional."

More pertinent is the discussion in Mason v. Mason, 194 Iowa 504, 508, 188 N. W. 685, 687, where there was a devise to a son in which he had the choice of taking $2000 in cash or title to real estate. There this court, by Justice Weaver, said:

"If such a testamentary provision be valid—a proposition upon which there can be no doubt—the right so created, as we have already said, is more than a mere personal privilege. It is a valuable property right, capable of being transmuted by its beneficiary into terms of money or title to land * * *. It is a heritable interest which, upon the death of the owner, passes in the line of succession prescribed for it by the law of the jurisdiction."

Much of the discussion herein, oral and written, dealt with the nature of remainders—vested and contingent. A reading of the Iowa cases on that subject reveals that in determining such

592

matters the questions presented were troublesome and sometimes difficult of solution. Inasmuch as we have determined that the remainder devised by Christian Rock to his son, Alfred, was vested and that it descended to Alfred's heirs subject to the charge or lien provided in such will, we think it unnecessary to extend the discussion further into that field.

We think the trial court was right in its holding and as a result the case must be and is affirmed.—Affirmed.

All JUSTICES concur.