In the Matter of the ESTATE OF
Edra F. DeVORE, Deceased,

Don DeVORE, Duane DeVore, Janet
Lenig and Craig DeVore,
Appellants,

v.

Donna M. CALDWELL, James DeVore,
John DeVore, Judy McKee and
Mark DeVore, Appellees.

No. 96–0967.

Court of Appeals of Iowa.

Dec. 29, 1997.

Michael P. Brice and Martha L. Mertz, Knoxville, for appellants.

Jerald Feuerbach, Davenport, and Thomas L. Anders, Centerville, for appellees.

Considered by SACKETT, P.J., and HUITINK, J., and HAYDEN, Senior Judge.*

HUITINK, Judge.

Keith DeVore's children, Dan DeVore, Duane DeVore, Janet Lenig, and Craig DeVore, appeal an adverse ruling in a will construction case rejecting their claim as successors in interest to a remainder interest in real estate devised to Keith by Edra DeVore. We affirm.

*I. Background Facts and Proceedings.*

Article V of Leonard and Edra DeVore's joint will provides:

We hereby will, devise and bequeath the following described real estate, to-wit:

The North Half of the Northeast Quarter (N½ NE 1/4) of Section Twenty–Two (22), Township Sixty–Eight (68) North, Range Twenty (20) West of the 5th P.M.

---

* Senior Judge from the Iowa Court of Appeals serving on this court by order of the Iowa Supreme Court.

to the survivor of us, provided, that on the re-marriage or death of said survivor, we will, devise and bequeath said land to our son, Keith N. DeVore, on the following terms and conditions: That the said Keith N. DeVore shall make, execute and deliver his promissory note for $12,000, payable, share and share alike, to our other six children, Roger A. DeVore, Ruth E. Keller, Leonard Leslie DeVore, Lawrence K. DeVore, Donna M. Caldwell, and Kenneth I. DeVore, which note shall be secured by good and sufficient mortgage on the real estate above described. Said note shall bear interest at the rate of four and one-half (4½) percent per annum, payable annually, and the principal of said note shall be payable $500.00 per year commencing one year after the death or remarriage of the survivor of us; provided further, that the said Keith N. DeVore may prepay any part of said note, on any payment date, in multiples of $100.00. Should the said Keith N. DeVore predecease the survivor of us, or should he fail and refuse to execute the note and mortgage hereinbefore referred to, we do hereby give, devise and bequeath said land to the heirs at law of the survivor of us, per stirpes, and not per capita.

Leonard DeVore died in 1964; Edra died in February 1995. Keith DeVore died in April 1995 without meeting the financial conditions specified in the foregoing provision of his parents' will. In February 1996 Keith's children, as his claimed successors in interest to this devise by virtue of his will, tendered the required note and mortgage to Edra's executor.

Edra's executor initiated this action seeking resolution of the conflicting claims made by Keith's children and Edra's heirs to the real estate devised in Article V. The district court determined the remainder interest Keith inherited under Article V was contingent upon Keith surviving Edra and the financial conditions specified. The court also determined the financial conditions were an election personal to Keith and could not be fulfilled by his children. Because Keith only satisfied one condition, survival, the court held the disputed real estate passed to Edra's heirs as provided in Article V. On appeal Keith's children contend Keith's re-

mainder interest vested upon Edra's death. They also argue the financial conditions were neither personal to Keith nor a condition precedent to the vesting of his remainder interest. Edra's heirs argued the will's specific reference to Keith DeVore, the absence of any reference to his heirs, and the provision for alternate devisees indicate Edra's intentions were as the district court found them to be.

## II.  Standard of Review.

A probate proceeding to construe a will is tried in equity. Iowa Code § 633.33; *In re Estate of Anderson*, 359 N.W.2d 479, 480 (Iowa 1984). Our review is therefore de novo. Iowa R.App. P. 4.

## III.  The Merits.

We initially reject the notion that the arguable absence of ambiguity in Edra's will precludes its judicial construction. Although judicial construction of a will may be unnecessary in this circumstance, the court may nevertheless construe and enforce an unambiguous will as it is written where interested parties have a reasonable doubt as to its construction. *In re Estate of Kiel*, 357 N.W.2d 628, 630 (Iowa 1984); *McCarthy v. McCarthy*, 162 N.W.2d 444, 448 (Iowa 1968). In any event, ambiguity is a non-issue in this case because the record does not include extrinsic evidence and there is no indication the court relied on extrinsic evidence in its construction of Edra's will.

The principles governing will construction are well settled. The intent of the testator is our polestar. *In re Estate of Larson*, 256 Iowa 1392, 1395, 131 N.W.2d 503, 505 (Iowa 1964). We presume "the words of the will are used in their natural, usual, popular, and conventional meaning." *In re Estate of Syverson*, 239 Iowa 800, 807, 32 N.W.2d 799, 802 (Iowa 1948). It is not our function to remake, improve, or otherwise modify the clear provisions of the will of a competent testator. *In re Estate of Hamilton*, 467 N.W.2d 801, 803 (Iowa App.1991). Whether an interest is vested or contingent, both the form of the particular limitation and the language used are relevant. *In re Estate*

*of Ruhland,* 452 N.W.2d 417, 419–20 (Iowa 1990). We analyze each fact situation separately. *Id.* at 420.

■ The contingent nature of the remainder interest created in Article V cannot be reasonably disputed. The express language makes it clear Edra intended to impose the conditions specified upon the devise of the disputed real estate to Keith. The fighting issues are whether these contingencies were intended as conditions precedent or subsequent to the vesting of Keith's interests and whether Edra intended to make the election to perform the financial conditions personal to Keith.

The distinction between conditions precedent and conditions subsequent has been explained in the following terms:

A condition precedent is a condition upon which an estate will vest. A condition subsequent defeats an estate already vested. There are no technical words to distinguish conditions precedent and conditions subsequent; whether they are one or the other depends on the intent of the person creating the condition. If the language of the particular clause or of the whole will shows that the act on which the estate depends must be performed before the estate can vest, the condition is precedent, and unless it can be performed the devisee takes nothing ... an act or condition required by a will which does not necessarily precede the vesting of the estate given, but may accompany or follow it is to be deemed a condition subsequent and not precedent.

. . .

As the law favors the vesting of estates, the courts, in construing a will, prefer conditions subsequent to conditions precedent, and in case of doubt as to the testator's intention will construe a condition to be subsequent rather than precedent, where it is possible to do so without violating some established rule.

. . .

The presence or absence of a devise or limitation over on non-performance respectively indicates that a condition is or is not precedent.

*In re Estate of Nugen,* 223 Iowa 428, 434–35, 272 N.W. 638, 642 (1937) (citations omitted).

The Iowa Supreme Court has consistently held that financial conditions imposed on the devise of a remainder interest are not conditions precedent to vesting in the absence of a limitation over or the identification of an alternate devisee. *See Lytle v. Guilliams,* 241 Iowa 523, 529, 41 N.W.2d 668, 671 (1950); *Schrader v. Schrader,* 158 Iowa 85, 86, 139 N.W. 160, 161 (1912); *see also* N. William Hines, *Implied Conditions of Personal Survivorship in Iowa Future Interest Law,* 73 Iowa Law Review 941, 945 (1990). These cases by implication suggest that a contrary result may be appropriate if the devise of a remainder interest provides for a limitation over or an alternate devisee. *Id. See also Matter of Estate of Ruhland,* 452 N.W.2d at 422.

As already noted, Keith's remainder interest was contingent upon survival at the death of the life tenant, Edra, and monetary payments to Edra's heirs. The failure of either of these contingencies defeats Keith's interests. The latter condition also provided a limitation over and alternate devisee upon Keith's failure to fulfill the specified financial conditions. The inclusion of the limitation over and alternate devisee leads us to conclude Edra intended these contingencies as conditions precedent to the vesting of Keith's remainder interest. Because the financial conditions precedent were not fulfilled before Keith died, Keith's remainder interest never vested and the claims of his children as his successors in interest accordingly fail.

Moreover, we find this result reflects Edra's intent expressed in the will's language. The will makes repeated, specific references to "the said Keith N. DeVore," implying Edra intended to grant the remainder interest to Keith personally. The will names alternate devisees, the heirs at law of the survivor of Leonard and Edra DeVore, in the event Keith fails to satisfy the contingencies. The will's payover limitation also evidences Edra's intent to make the remainder personal to Keith and contingent on his performance of the conditions. The district court correctly determined Keith's remainder interest was extinguished by the failure to

meet both conditions imposed by the terms of Edra's will. We therefore affirm.

**AFFIRMED.**

HAYDEN, Senior Judge, concurs.

SACKETT, P.J., dissents.

SACKETT, Presiding Judge (dissenting).

I would reverse. I would hold the real estate vested in Keith on Edra's death subject to the delivery of the note and mortgage. Title to the land vested in him subject to divestment if the money were not paid. *See Estate of Ruhland,* 452 N.W.2d 417, 422 (Iowa 1990). The note and mortgage having been delivered, the position of the appellant should prevail.