# Masters's Estate.

*Decedents' estates—Orphans' court—Jurisdiction—Legacies — Charge on land.*

A direction to the devisee to pay a legacy out of the lands devised, or as a condition on which the lands are devised, creates not only a personal liability, if the devise is accepted, but also a charge upon the land.

Under the Fiduciaries Act of June 7, 1917, P. L. 447, section 24, the remedy for the collection or enforcement of payment, or delivery of all legacies, whether pecuniary, specific or otherwise, and whether charged on land or not, is exclusively in the orphans' court, saving the jurisdiction of other courts in actions which may at the time be pending. A plea of former suits pending must allege that the case is the same, the parties the same, and the rights asserted and the relief prayed for the same; and where the truth of the plea can be ascertained by an inspector of the record, the court will determine the question without a reference.

Where a widow has instituted an action of ejectment against a legatee, she is not estopped from petitioning the orphans' court for a restraining order to the legatee to prevent him from selling timber on the land, and from selling the land and praying for such other equitable relief as the case may permit. The plea of lis pendens fails because the relief sought is not the same in both cases.

Argued March 3, 1925. Appeal, No. 43, Feb. T., 1925, by Edward J. Masters, from decree of O. C. Luzerne Co., No. 471, of 1913, in re: Estate of Ami H. Masters. Be-

fore PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Petition for decree compelling respondent to carry out the provisions of a will. Before HELLER, P. J.

The facts are stated in the opinion of the Superior Court.

The court made the following order:

Now, 16th June, 1924, after due consideration of the testimony, it is ordered and decreed that Edward Masters pay the surgeon's bill of Dr. E. E. Buchman, amounting to $75; the bills of Dr. Chas. Tressler, $13.50 and Dr. M. Briggs, $9, for medical services; the bill of Mrs. Harriet Sutton of $25 per month for 37 months making a total of $925 for board; that on the first of each month hereafter, the said Edward Masters pay to Rebecca Masters the sum of twenty dollars; and that the said Rebecca Masters retain possession and control of the house and lot set aside for her use during her lifetime in the will of the testator. It is further ordered and decreed that the said payments be a charge upon all the real estate devised by the said Ami H. Masters to Edward Masters by his last will and testament probated in Luzerne County on October 11, 1913; that the record costs in this proceeding shall be paid by Edward Masters, the respondent; and that all other costs be paid by the party creating the same.

Respondent appealed.

*B. W. Davis,* and with him *F. B. Davis* and *G. Fred Lazarus,* for appellant.—The orphans' court cannot entertain jurisdiction under the Fiduciaries Act of June 7, 1917, section 24, P. L. 490, upon the petition of the widow: Craven v. Bleakney, 9 Watts 19; Fox's App., 99 Pa. 382; Mulliken v. Earnshaw, 209 Pa. 226-230; Shalters et al. v. Ladd, 163 Pa. 509; Cassiday's Est., 224 Pa. 199-201.

The appellee sought her proper remedy when bringing her action in ejectment: McCall v. McCall, 2 Walker Rep., (Pa. Supreme Ct.) 202; Heyer v. Kranch, 52 Pa. Superior Ct. 635; Hillside Coal & Iron Co. v. Heermans et al., 191 Pa. 116; Byrne et al. v. Boyle et al., 37 Pa. 260; Church v. Ruland, 64 Pa. 432 (441).

*Peter J. McCormick,* and with him *Thomas J. Grover,* for appellee.—The widow had the right to secure relief in the orphans' court notwithstanding the fact that she instituted an action of ejectment: Downer v. Downer, 9 Watts 60; Harrisburg v. Passenger Ry. Co., 1 District Report 192; Hassenbruch v. Markle, 194 Pa. 581, 586.

OPINION BY TREXLER, J., April 28, 1925:

Ami H. Masters in his last will and testament, among other things, provided: "I further assign to my son Edward J. Masters, his heirs and assigns, my homestead farm purchased by me of S. H. Scrally situate in Ross Township, entire except that portion on East side Muehler Run, together with all my personal property (outside my house furniture) conditioned that he Edward J. Masters pay my just debts, funeral expenses of myself and furnish my wife, Rebecca, a comfortable support in the house where we now live, consisting of food raiment medicines medical and surgical attendance to make her as comfortable as reasonably can be during her life and after her decease I direct that enough money be supplied by my three children share and share alike to pay my wife's funeral expenses before taking possession of the house and lot herein assigned to use of my wife during her life. I hereby assign to my daughter Norah L. Long all the moneys and property heretofore by me advanced to her. I further provide that E. J. Masters furnish my wife Rebecca with such care and attention consisting of necessary help when not able to care for herself." By codicil, the testator further provides that: "Ami H. Masters the within assignor do further direct

and order that in case my children neglect or refuse to contribute to repairs of house as within directed and to support and care for my wife Rebecca then and in such case I desire and order my entire estate to pass to my wife Rebecca absolute to control and manage during her life." The present petition to the orphans' court alleged that the said Edward J. Masters accepted the terms of said will and that he had failed to comply with the provisions contained therein as to the support of Rebecca Masters widow of decedent and had taken all the income from the land, wasted it, and sold the timber, prays that the terms of the will should be enforced through the agency of the orphans' court. It will be noticed that in the devise of the farm there was conditioned thereto the support of the widow Rebecca, there would seem to be no doubt that having accepted the devise, the support of the widow became a charge on the land. "A direction to the devisee to pay a legacy out of the lands devised or as a condition on which the lands are devised, creates not only a personal liability, if the devise is accepted, but also a charge upon the land devised," Estate of Joseph Wise, Jr., 188 Pa. 258, 260. The first objection raised is that the orphans' court had no jurisdiction. The Fiduciaries Act of June 7, 1917, P. L. 447, section 24, provides: "The remedy for the collection, or enforcement of payment, or delivery of all legacies, whether pecuniary, specific, or otherwise, and whether charged on land or not, shall hereafter be exclusively in the orphans' court saving the jurisdiction of other courts in actions which may be pending at the time of the approval of this act." It appears that in the year 1914 Rebecca Masters instituted an action of ejectment against Edward J. Masters in which action she sought possession of the land held by Edward J. Masters together with the rents and profits issuing from same and the plea was advanced in the lower court and is now urged that the orphans' court has no jurisdiction. The contention is that the saving clause in the above-quoted 24th section of the Act of 1917 pre-

serves the pending action in the common pleas and excludes and nullifies the present proceeding in the orphans' court. In order to successfully sustain this position it must appear as stated in Hessenbruch v. Markle, 194 Pa. 581, 593: "a plea of former suit pending must allege that the case is the same, the parties the same, and the rights asserted and the relief prayed for the same; and where the truth of the plea can be ascertained by an inspection of the record, the court will determine the question without a reference. This is but a concise summary of the weight of authority on the subject." In the first suit the widow seeks the land. In the petition to the orphans' court she asks for a restraining order directed to Edward J. Masters to prevent him from selling any of the timber of the said land and that he be restrained from selling the land and such other equitable relief as the case may permit. The plea of lis pendens therefore fails because the relief sought is not the same in both cases. The lower court was right in deciding that it had jurisdiction.

The decree of the orphans' court is affirmed, the appellant to pay the costs.